**Nicholas BUIAN, Plaintiff-Appellee, Cross-Appellant,**

v.

**Clifford BAUGHARD, et al., Defendants-Appellants, Cross-Appellees.**

Nos. 81–3274, 81–3275.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1981.

Decided Sept. 7, 1982.

Rehearing and Rehearing En Banc Denied Oct. 20, 1982.

Edward J. Riegler, Akron, Ohio, John Shoemaker, Cuyahoga Falls, Ohio, for defendants-appellants, cross-appellees.

John R. Vintilla, Cleveland, Ohio, for plaintiff-appellee, cross-appellant.

Before ENGEL and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

We consider here cross-appeals from the award of attorney's fees in a civil rights case. 42 U.S.C.A. §§ 1983, 1985(3), and 1988. Plaintiff-appellee and cross-appellant claims that the District Court impermissibly reduced the number of hours claimed, erroneously applied a factor for the contingent nature of the fee arrangement only to the hours spent before liability was established, and awarded an inadequate hourly rate considering counsel's experience and the unpopular nature of the litigation. Defendants-appellants and cross-appellees challenge the award of attorney's fees for the appeal of the case on the merits, an appeal from which plaintiff obtained no relief and in which appellees prevailed in all respects.

Plaintiff, a former employee of the City of Akron, filed this action against several members of the Akron Police Department and three members of the Civil Service Commission of that city. One Commissioner was voluntarily dismissed and the District Court directed a verdict for the police officers. The jury returned a verdict of $1 in nominal damages and $650 in punitive damages against each of the remaining two Commissioners. Plaintiff appealed the amount of the award and the dismissal of certain of the claims. The judgment was affirmed in all respects and no costs were taxed to either party. Plaintiff's petition for a rehearing en banc was denied, as was plaintiff's petition to the Supreme Court for a writ of certiorari. Plaintiff then filed a petition for attorney's fees in the District Court which awarded $600. On appeal this award was vacated by our Court. The case was remanded to the District Court with instructions to reconsider the issue of attorney's fees in view of the intervening decision in *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979). On remand the District Court expressly determined that plaintiff prevailed on the case as a whole and entered a corrected judgment for $13,257.50 in attorney's fees which included fees for the totally unsuccessful appeal in which no costs were awarded. These cross-appeals followed.

We agree with defendants-appellants that no attorney's fees should be awarded plaintiff for the totally unsuccessful appeal on the merits in which the judgment of the District Court was affirmed. He was not entitled to or awarded costs on appeal, a prerequisite to the award of attorney's fees under 42 U.S.C.A. § 1988.

42 U.S.C.A. § 1988 provides: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as *part* of the costs" (emphasis added).

A party is not entitled to costs on appeal if its appeal is dismissed or the judgment of the district court from which it appeals is affirmed, as it was in this case. Fed.R. App.P. 39(a). Such a party is required to pay costs, unless otherwise ordered. *Id.* Congress could not have intended that unsuccessful civil rights appellants receive attorney's fees for their fruitless efforts on appeal, merely because they prevailed below, when other unsuccessful appellants are required to pay costs for their lack of success.

■ Section 1988 was enacted in response to *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), to give the federal courts discretion to award attorney's fees in civil rights cases.[1] In creating a statutory exception to the common law rule that attorney's fees cannot ordinarily be obtained by a prevailing party, neither the language of the statute nor its legislative history evidences an intent on the part of Congress to create an exception to the traditional rules of who awards costs, and how. Cost determinations are made at three levels: the district court, the court of appeals, and the Supreme Court. Each court has jurisdiction to make *de novo* awards of costs only for proceedings within its jurisdiction. The statutory directive that attorney's fees may be awarded as "part of the costs" must, therefore, be read with reference to Fed.R.Civ.P. 54(d),[2] Fed.R.App.P. 39(a),[3] and Sup.Ct.R. 50. In the absence of an express statutory mandate, respect for the three levels at which costs have traditionally been awarded pursuant to court rule directs the conclusion that a prevailing party is not entitled to attorney's fees for appeals as part of district court costs. In-

stead, a party must be entitled to receive costs on appeal as a result of the appellate court's award of costs before it is eligible to receive attorney's fees as a part of those costs under section 1988.

There is nothing in the policy behind section 1988, promoting the full and vigorous litigation of civil rights claims and compensating prevailing parties' attorneys in the manner customary for fee-paying clients, that is inconsistent with treating the trial and appellate court levels separately for purposes of awarding attorney's fees as part of costs. *See* [1976] U.S. Code Cong. & Ad. News 5913. An attorney's incentive to take an appeal from a final judgment does not differ from his incentive when he filed the case in district court. In either case it is the belief one will prevail that provides the necessary incentive to proceed. The statute was never intended to underwrite all civil rights actions or provide compensation to parties who have unsuccessfully raised substantial, good faith claims or defenses. Compensation is only permitted for prevailing on the merits. 42 U.S.C.A. § 1988. To adopt any other rule would provide a plaintiff who has received a favorable final judgment an unrestricted, fully-paid-for appeal in the hope of bettering that party's position. This seems neither necessary nor desirable.

That attorney's fees under section 1988 are indeed costs is made clear by the Supreme Court's holding in *Hutto v. Finney,* 437 U.S. 678, 693–99, 98 S.Ct. 2565, 2574–2578, 57 L.Ed.2d 522 (1978), in which the Court held such fees could be assessed against the state without express congressional directive, because they were costs. *See also Johnson v. Snyder,* 639 F.2d 316, 317 (6th Cir. 1981). The Supreme Court's

---

1. [1976] U.S.Code Cong. & Ad.News 5908, 5909 (purpose).

2. Fed.R.Civ.P. 54(d) states:
   Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . .

3. Fed.R.App.P. 39(a) states:

Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

decision in *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), indicates that the determination of whether a party has prevailed, within the meaning of section 1988, must be separately made with reference to the trial and appellate court levels. *Id.* 756 n.3, 100 S.Ct. at 1988 n.3. Although the plaintiffs in that case were unsuccessful in their appeal to the court of appeals the merits of the case were still undecided, and it could not as yet be determined whether they were prevailing parties. Decisions of the Seventh and Fourth Circuits buttress this; both circuits have determined that a party must prevail on the merits of their appeal before they are entitled to attorney's fees under section 1988 for their appellate work. *See Bond v. Stanton*, 630 F.2d 1231, 1234–35 (7th Cir. 1980); *Hampton v. Hanrahan*, 600 F.2d 600, 643–44 (6th Cir. 1979), *rev'd on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *Davis v. Murphy*, 587 F.2d 362, 364–65 (6th Cir. 1978); *Fox v. Parker*, 626 F.2d 351, 354 (4th Cir. 1980); *McManama v. Lukhard*, 616 F.2d 727, 730 (4th Cir. 1980).[4]

The District Court here considered itself bound by *Northcross* to award attorney's fees for plaintiff's totally unsuccessful appeal on the merits. Among the many issues decided in *Northcross* was whether the prevailing party determination had to be dissected on an issue by issue basis or whether a party could be said to have prevailed based on the case as a whole considering trial and appellate court proceedings. This Court adopted the latter approach. That trial and appellate court proceedings are merged in the prevailing party determination under *Northcross* does not eliminate the statutory requirement that attorney's fees be awarded to this prevailing party "as part of the costs." In *Northcross* the issue of whether a party who prevailed on the case as a whole was entitled to attorney's

fees for unsuccessful appeals in which no costs were awarded was neither raised nor addressed. On the other hand, we are asked to decide whether trial and appellate court cost determinations must be considered separately in awarding attorney's fees to the prevailing party as defined by *Northcross.* We chose to read section 1988 literally.

Furthermore, it would violate the mandate of Fed.R.App.P. 39(a) to construe *Northcross* as requiring an award of attorney's fees on appeal to a party who prevailed on the case as a whole but was not entitled to costs on appeal. It is the duty of this Court to determine who is entitled to costs on appeal.[5] In this case, in which no costs were taxed on the appeal on the merits, it would also violate this Court's mandate for the District Court to award attorney's fees as part of the costs under section 1988 because the party prevailed on the case as a whole but was not awarded costs on appeal.

■ In summary, we read section 1988 as requiring that attorney's fees be awarded to the party who has prevailed on the case as a whole only if costs are awarded to that party at the level for which fees for services are sought: the district court, the court of appeals, and the Supreme Court.

■■ Plaintiff, on his cross-appeal, objects to the hourly rate adopted by the District Court. The only evidence submitted to the District Court regarding the hourly rates of other attorneys in a similar type of case disclosed rates of $30 to $50 an hour. Plaintiff presented no evidence regarding hourly rates, not even his own. The District Court's finding of $50 as the reasonable hourly rate is not clearly erroneous. The District Court awarded a 15% contingency factor for hours spent before liability was established. We find this to be a reasonable percentage and the District

---

4. Procedural victories are not enough to trigger an award of attorney's fees as part of costs. *Hanrahan, supra*, 446 U.S. at 757–58, 100 S.Ct. at 1989.

5. A special responsibility is placed upon the court of appeals in awarding costs in civil rights cases that does not exist in other cases because of the fact that fees for attorney's services on appeal will be denied where costs are not awarded.

Court's application of this factor only to fees earned before liability was established to be appropriate. Plaintiff alleges that this case is one in which a factor should have been added for "special circumstances." The District Court was not clearly erroneous in failing to add a factor for this reason. Although plaintiff's cause may have been unpopular, it was still a case by a single plaintiff for an individual wrong.

■ Counsel for plaintiff had kept no actual record of time spent but reconstructed the same. The hours claimed on the present petition for attorney's fees exceeded those claimed in a previous petition. The District Court was fully justified in reducing the claimed hours.

For the reasons stated, the judgment of the District Court is affirmed in part and reversed in part, and the action is remanded to the District Court with directions to reduce the award of attorney's fees by the amount allowed for the appeal on the merits and the petition for writ of certiorari. Costs *on this appeal* are awarded to the defendants.