WILLIE M., a minor; Jeanette M., a minor; Tom H., a minor; Timothy B., a minor, all By their next friend, Albert SINGER, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

James B. HUNT, Jr., Governor, State of North Carolina; Sarah T. Morrow, Secretary, Department of Human Resources, State of North Carolina; A. Craig Phillips, State Superintendent of Public Instruction, State of North Carolina; David Bruton, Chairman, North Carolina State Board of Education; Hosea C. Brower, Director, Samarkand Manor, Division of Youth Services, Department of Human Resources, State of North Carolina; C.B. Hayslett, Director, C.A. Dillon School, Division of Youth Services, Department of Human Resources, State of North Carolina; Field Montgomery, Director, Cherry Hospital, Division of Mental Health, Mental Retardation and Substance Abuse Services, Department of Human Resources, State of North Carolina; John A. Williams, State Budget Officer, State of North Carolina; J.A. Porter, Controller, Department of Public Instruction, State of North Carolina; George Bason, District Court Judge, 10th Judicial District, State of North Carolina; Larry T. Black, District Court Judge, 26th Judicial District, State of North Carolina, Defendants.

No. C–C–79–294–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 2, 1983.

Robert D. McDonnell, Charlotte, N.C., for Willie M.

John A. Decker, Carolina Legal Assistance for Mental Health, Raleigh, N.C., for Jeanette M.

Loren M. Warboys, Elizabeth J. Jameson and Mark I. Soler, Juvenile Justice Legal Advocacy Project, San Francisco, Cal., for Tom H.

J. Jerome Hartzell, Akins, Mann & Pike, Raleigh, N.C., for Timothy B.

Carolina Legal Assistance for the Mentally Handicapped, Raleigh, N.C., for Singer.

Everette Noland, Steven Mansfield Shaber, William F. O'Connell, N.C. Dept. of Justice, Raleigh, N.C., for Hunt.

E. Osborne Ayscue, Jr., Helms, Mulliss & Johnston, Charlotte, N.C., for Bason and Black.

William Trott, Young, Moore, Henderson & Alvis, Marci L. White, Raleigh, N.C., Dr. James D. Clements, Atlanta, Ga., Robert E. Bridges, J. David Jones, Donald E. Taylor, Carolyn I. Thornton, pro se., for Review Bd.

## SECOND INTERIM FEE AWARD

McMILLAN, District Judge.

Plaintiffs' counsel filed a motion for award of attorneys' fees, defendants responded to the motion, and plaintiffs' counsel filed a reply. Parties notified the court that no hearing was needed because the parties' positions were fully set forth in the briefs. The court, in its discretion and after review of the file, determines that fees for plaintiffs' counsel should be awarded

and that the amounts set out below for such fees are reasonable.

In setting attorneys' fees, the court is required to consider twelve guidelines originally set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and adopted by the Fourth Circuit Court of Appeals in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.1978). The Fourth Circuit, in a later case, *Anderson v. Morris*, 658 F.2d 246 (4th Cir.1981), reviewed the manner in which the *Johnson* guidelines are to be applied by district courts. A base amount for the fee award is to be determined by multiplying the number of hours reasonably expended on the case by the customary hourly rate of compensation (guidelines one and five). This amount is then adjusted up or down by the court on the basis of the other *Johnson* factors. In accord with plaintiffs' counsel's request, a decision on the amount of this adjustment will be postponed until the determination of the final fee award.

Following that practice, I make findings as follows:

1. *The time and labor expended.*—Plaintiffs document 1,339.10 hours spent on this case by eight different lawyers, and 8.0 hours of paralegal time, for the 20-month period from November, 1980, until June, 1982. That time has been spent implementing the stipulations agreed to by the parties, monitoring defendants' compliance with those stipulations, and litigating contested issues about the meaning of those stipulations.

Defendants object to an award of fees for total hours spent because (1) plaintiffs did not prevail in the litigation of class membership issues, and (2) some hours spent were wasteful, duplicative, or devoted to matters unrelated to the litigation.

A. *Class membership litigation.*

Defendants object to plaintiffs' counsel recovering for 307 hours of time spent litigating two issues which arose after the consent judgment was entered—whether the class included (1) children confined in Department of Correction facilities (288.55

hours), and (2) persons who had reached their eighteenth birthday after September 2, 1980, but before being afforded appropriate services by the defendants (18.45 hours). Plaintiffs lost the age issue before the district court. Plaintiffs won the Department of Correction (DOC) issue before the district court, but lost on appeal. The Appeals Court entered an order that each side would bear its own costs.

In *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court held that:

> ... the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. *Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.*

—— U.S. at ——, 103 S.Ct. at 1943 (emphasis added).

Plaintiffs are the prevailing parties in this litigation. The suit resulted in a consent judgment providing millions of dollars worth of appropriate services to Willie M. class members. Proceedings brought by the plaintiffs to enforce defendants' compliance with the stipulations do not involve separate and distinct claims, but involve claims integrally related to the effective and appropriate provision of services mandated by the consent judgment.

Plaintiffs' counsel represent the class, as set out in the original complaint. The Review Panel, an independent group set up to oversee implementation of the stipulations, raised questions about whether the class included children confined in DOC facilities or persons who had aged out of the class before being provided services. A literal reading of the description of the class contained in the complaint could reasonably

result in the inclusion of both groups of persons in the class. Plaintiffs' counsel were under an ethical obligation not to agree to an understanding of the stipulations which would prevent possible class members from receiving services. *See* Ethical Consideration 7–12 of the A.B.A. Code of Professional Responsibility; *Cf.,* Fed.R. Civ.P. 23(a)(4).

Plaintiffs won substantial relief in this lawsuit; claims about the scope of the class are integrally bound to the implementation of that relief. Plaintiffs' counsel had an ethical obligation to litigate the issues in question; the time was reasonably expended and should be compensated. *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 636 (6th Cir.1979); *Disabled in Action v. Mayor and City Council of Baltimore,* 685 F.2d 881, 886 (4th Cir.1982); *Rivera v. City of Riverside,* 679 F.2d 795, 797 (9th Cir.1982); *Seigal v. Merrick,* 619 F.2d 160, 164–65 (2d Cir.1980).

▮ The defendants argue that an award of *costs* on appeal is a prerequisite to the award of fees for appellate work, citing *Buian v. Baughard,* 687 F.2d 859 (6th Cir. 1982). This court declines to follow *Buian.* The circuits are split on the issue of whether a motion for attorneys' fees under § 1988 should be treated as a motion for costs or as a motion on an independent and collateral issue. The Fourth Circuit has not directly addressed the issue.

This court finds persuasive the reasoning of the eighth and ninth circuits that attorneys' fees are an independent and collateral issue. *Metcalf v. Borba,* 681 F.2d 1183 (9th Cir.1982); *Obin v. District No. 9, International Association of Machinists and Aerospace Workers,* 651 F.2d 574 (8th Cir.1981). Under Fed.R.App.P. 39 and Fed.R.Civ.P. 54(d), *costs* are easily ascertained, may be assessed by the clerk, and rarely give rise to any dispute or appeal. On the other hand, *fees* are assessed by the district court after thorough consideration of the criteria laid out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). Further, a determination of fees usually involves consideration of briefs and affidavits from the attorneys. Frequently, hearings are held. The award of fees is often bitterly contested on appeal.

The potential amount of the fees award, the varied factors which must be considered by the court in reaching the fees decision, and the crucial role of the judge and parties in reaching that final determination render the fees/costs comparison strained at best. *White v. New Hampshire Department of Employment Security,* 629 F.2d 697, 703 (1st Cir.1980), *rev'd on other grounds,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), *quoted with approval in Metcalf v. Borba,* 681 F.2d at 1182; *see also, Obin v. District No. 9,* 651 F.2d at 580.

This court agrees with the conclusion of the eighth and ninth circuits that, although § 1988 describes attorneys' fees as costs, that label does not carry over to other provisions of the United States Code and the Federal Rules of Civil Procedure. *Metcalf v. Borba,* 681 F.2d at 1187; *Obin v. District No. 9,* 651 F.2d at 580; *Cf. White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (Fed.R.Civ.P. 59(e) does not apply to postjudgment requests for attorneys' fees pursuant to § 1988). The Court of Appeals' order that each side bear its own costs reflects none of the in-depth analysis required for a determination of fees—there is no consideration of the circumstances of the appeal, the relation of the appeal to the rest of the litigation, the ethical responsibilities of the parties, or the application of the *Johnson* factors. Accordingly, this court finds that the failure to award costs on appeal does not affect the plaintiffs' entitlement to an award of fees.

Plaintiffs won the DOC issue at the trial level. Plaintiffs' counsel had a professional responsibility to *defend* the case when defendants appealed. A different case might be presented if the successful plaintiffs had appealed in hope of bettering their position. *See, Buian v. Baughard,* 687 F.2d at 861. The time spent preparing and arguing this appeal was ethically required and reasonably expended. The fact that plaintiffs lost the DOC issue on appeal does not change their position as the prevailing parties in the *Willie M.* litigation. The plaintiffs are

entitled to recover fees for time reasonably expended on issues which the plaintiffs' attorneys had a responsibility to litigate.

Accordingly, this court finds that the plaintiffs are entitled to recover fees for the 307 hours of time spent litigating the class membership issues.

B. *Waste, duplication, and unrelated activities.*

■ The court finds that the time spent planning and monitoring defendants' compliance with the stipulations was reasonably expended. That work, which included meetings among counsel, attendance at review panel meetings, and meetings with judges and other public officials, was necessitated, in large part, by defendants' failure to meet projected rates of provision of services. A responsible lawyer has a duty to see the settlement is effectively implemented, particularly when the class is incapable of evaluating services or of ensuring compliance themselves. Aside from two hours of unaccounted for phone conversations, the time spent by plaintiffs' counsel was necessary and reasonable. In arriving at its final figures for fees, however, the court has reduced the fees slightly to account for the possibility that some of the time spent was duplicative or unnecessary.

Accordingly, the court finds that plaintiffs should recover for 1,250 hours of attorney time and 8.0 hours of paralegal time.

■ 5. *Customary fee for like work.*—Plaintiffs' attorneys request a fee of $70.00 per hour for attorney time and $30.00 per hour for paralegal time. This rate is the same used in the first fee award and is well within the range of charges customarily made in the area for similar work. The fact that much of the time was spent planning and monitoring defendants' compliance does not decrease the value of those services in this case; effective implementation is essential if the class is to benefit from the consent judgment.

The court thus determines that plaintiffs are entitled to attorneys' fees for 1,250 hours × $70.00 and 8 hours × $30.00, or $87,740.00. In accord with *Anderson v. Morris, supra,* this total is to be adjusted by the remaining *Johnson* guidelines. While the analysis will be contained here, the actual adjustment will be determined at the final fee award, as requested by the plaintiffs.

2. *The novelty and difficulty of the questions raised.*—The questions involved in the implementation of the judgment are novel. Plaintiffs' attorneys are exploring a hitherto uncharted area in assisting the defendants to define what are appropriate services for the members of the class.

3. *The skill required.*—The suit has continually required a high degree of skill, and the papers, presentations and arguments before the court by plaintiffs' lawyers show beyond question that they possess the necessary skills.

4. *The fixed or contingent nature of the fee.*—Defendants argue that the case is no longer contingent because the plaintiffs prevailed on the merits. Certainly, plaintiffs' counsel are more assured of recovering some of their fees than they were before the settlement, but the amount of fees to be recovered is still not certain. Furthermore, defendants should not be heard to argue that the case is no longer contingent when they object to plaintiffs' recovery for the hours spent litigating the class issues. While this factor has less weight than before, it still leans in favor of the plaintiffs.

7. *Time limitations imposed by the client or the circumstances.*—This factor has no effect on the award.

8. *The amount involved and the results obtained.*—The results remain significant to a large group of people. The plaintiffs' efforts to plan and monitor defendants' compliance have resulted in earlier, more effective provision of services than would otherwise have come to pass.

9. *The experience, reputation, and ability of the attorneys.*—Plaintiffs' lawyers, while young, have evidenced the necessary skill and ability to handle the case effectively and successfully. They will not be penalized because of their youth.

10. *The undesirability of the case.*—This factor has no effect on the award.

11. *The nature and length of the professional relationship with the clients.*—This factor has no effect on the award.

12. *Awards in similar cases.*—Considering the nature of the benefit to the class members, the number of lawyers involved, and the length of time over which the services have been provided, the award is in line with other awards which have been made in recent years in similar cases.

The court finds as reasonable the following fees and awards costs as follows:

| | |
|---|---|
| Attorneys' fees: | $87,740.00 |
| Expenses | 4,002.56 |
| Total: | $91,742.56 |

IT IS THEREFORE ORDERED that defendants pay to counsel for plaintiffs the sum of $91,742.56 as a partial award of costs as set out above.