William Dan DeFORD, Petitioner,

v.

SECRETARY OF LABOR, Respondent,

and

Tennessee Valley Authority, Intervenor.

TENNESSEE VALLEY AUTHORITY,
Petitioner,

v.

SECRETARY OF LABOR, Respondent.

Nos. 81–3228, 81–3254 and 81–3401.

United States Court of Appeals,
Sixth Circuit.

Decided and Filed August 9, 1983.

Rehearing and Rehearing En Banc
Denied Oct. 4, 1983.

Thomas M. Hale, James A. Ridley, III, Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, Tenn., for petitioner William Dan DeFord.

Kathryn A. Oberly, Barry S. Sandals, Dept. of Justice, Washington, D.C., U.S. Dept. of Labor, Washington, D.C., for Secretary of Labor.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Assoc. Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Robert E. Washburn, E. Claire Garland, Tennessee Valley Authority, Knoxville, Tenn., for Tennessee Valley Authority.

Before ENGEL and MERRITT, Circuit Judges, and MORTON, Chief District Judge.*

PER CURIAM.

## ON APPLICATION FOR COSTS

Petitioner DeFord has filed a motion seeking taxation of certain costs and an allowance of attorneys' fees incurred in proceedings before this court. Both the Secretary and TVA have filed responses to the motion.

### Costs

■ Both the Secretary and TVA object to the bill of costs by alleging that printing expenses to be allowed for DeFord's brief should be reduced, in recognition of the fact

---

* The Honorable L. Clure Morton, Chief District Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

that the parties were to bear their own costs in case number 81–3254. The objections are not well taken.

DeFord would not in any event be entitled to recover costs with respect to number 81–3254, because he was not a party to that case. This much was pointed out by TVA in its response to the bill of costs. But the rather obvious and pertinent extension of that approach is that no costs are chargeable to him as a result of that action, either. DeFord did not take on responsibility for costs in a separate, albeit related, case simply because his brief touched upon issues raised therein. The proposed allocation of costs would accomplish nothing less.

### Attorneys' Fees

■ DeFord's motion initially asks that an award of attorneys' fees issue from this court. In the alternative, he would seek to have this aspect of the motion considered by the Secretary on remand. Neither request is acceptable, because Congress has not provided an avenue by which he is entitled to attorneys' fees for the appeal to this court.

This action arose under 42 U.S.C. § 5851. Two subdivisions of the statute give rise to a possibility that attorneys' fees might be recovered. Section 5851(b)(2)(B) provides that the Secretary may award such fees under certain circumstances. Section 5851(e)(2) provides that a district court may award attorneys' fees in an action to enforce orders of the Secretary. Without venturing any further, two points are obvious. First, neither subsection would justify an award of attorneys' fees by this court, since at most they grant such authority only to the Secretary and to a district court. Thus, the initial request in DeFord's motion must be denied. Second, it is clear that subsection (e)(2) has no application here, because this case did not originate in a district court and was not brought to enforce an order of the Secretary. The need remains, therefore, only to discuss whether subsection (b)(2)(B) can be read to authorize an award of the requested fees.

Section 5851(b)(2)(B) provides, in pertinent part, that:

If an order is issued under this paragraph, the Secretary, at the request of the complainant shall assess against the person against whom the order is issued a sum equal to the aggregate amount of all costs and expenses (including attorneys' and expert witness fees) reasonably incurred, as determined by the Secretary, by the complainant for, or in connection with, the bringing of the complaint upon which the order was issued.

Without any room for doubt, this language allows the Secretary to award attorneys' fees that are reasonably incurred by a complainant in proceedings before the Secretary. As a starting point for addressing the question at hand, however, it should also be noted that the quoted material does not by clear language confer authority upon the Secretary to award fees for appellate proceedings. In certain respects inferences can be drawn that would tend to support the implication of such authority on his part. For example, it might be said that this appeal is pursued "in connection with" the complaint that was before the Secretary because but for that complaint a petition seeking review of the Secretary's order would never have been deemed necessary. In addition, it might be said that allowing fees incurred on appeal would be consistent with policy considerations ostensibly evidenced by allowing fees below. But in the final analysis, it must be concluded that the award of fees sought here is not allowable under the statute.

Attorneys' fees are allowed in this setting as a portion of "costs and expenses" assessed by the Secretary. *Cf.* 42 U.S.C. § 406(b)(1) (attorneys' fees may be paid "out of, and not in addition to" past-due benefits obtained by claimant in Social Security case). Yet there is no room to question whether this court should assess costs of the appeal. An award by the Secretary of attorneys' fees incurred in a proceeding before this court would thus appear to be outside the scope of his authority with respect to costs, as a jurisdictional or quasi-jurisdictional matter. Otherwise, a single entitlement to costs would be satisfied at two separate levels. *Cf. Buian v. Baugh-*

*hard,* 687 F.2d 859 (6th Cir.1982) (jurisdiction exists in civil rights action to award costs, and attorneys' fees as part of costs, at distinctive levels). Moreover, the award of costs (including attorneys' fees) allowable under section 5851 is specifically limited to encompass those incurred "for, or in connection with, the bringing of the complaint upon which the [Secretary's] order was issued." Before this court DeFord did not incur any attorneys' fees or other costs for litigation of claims arising from the complaint upon which the Secretary's order was issued. That complaint was lodged against TVA. Rather, DeFord incurred attorneys' fees and other costs before this court in pursuit of a distinguishable cause—complaints against the Secretary arising out of dissatisfaction with his order. DeFord's complaint against TVA, it may be recalled, was at issue only in case number 81–3254, to which he was not a party and as to which the court has indicated that he incurred no costs.

An allusion has been made that an award of attorneys' fees incurred before this court might comport with the general policy underlying the allowance of fees in section 5851, such that parties who obtain relief from the Secretary would not bear the expense of their efforts. Nevertheless, the statute is found not to permit such a result. It is as likely as not, perhaps, that this situation represents a countervailing or co-existing policy that one who obtains relief before the Secretary and yet chooses to seek more will be required at the least to bear his attorneys' fees. However any such balance might be struck, the job belongs to Congress. The key here is that statutory authority to make the award does not appear to exist, for whatever reason.

Accordingly, the Secretary and TVA, as the parties to case number 81–3254, shall bear their own costs in that action. DeFord shall recover costs for case numbers 81–3228 and 81–3401 in the total amount of $277.77, without the addition or inclusion of attorneys' fees. In case number 81–3228, costs are taxed against the respondent Secretary in the amount of $69.44, and against the respondent-intervenor TVA in an equal

amount. In case number 81–3401, costs are taxed against the respondent Secretary in the amount of $138.89.

So ordered.

MERRITT, Circuit Judge, dissenting.

Although I agree with the majority's position on the award of costs, I must respectfully dissent from the Court's denial of DeFord's request for attorney's fees. We have neither express statutory language nor precedential interpretation of an analogous statute to guide us on this question of statutory interpretation, but a consideration of the purpose of the legislation convinces me that DeFord should recover attorney's fees for his appeal from the Secretary's order.

The majority correctly states that the issue before us boils down to whether the language of 42 U.S.C. § 5851(b)(2)(B), providing for an award by the Secretary of attorney's fees "reasonably incurred . . . by the complainant, for, or in connection with, the bringing of the complaint upon which the order was issued," should be construed to include the award of fees incurred before this Court for review of the Secretary's order. There is an explicit provision for an award of attorney's fees by the District Court if a new action must be brought to obtain compliance with the Secretary's order. 42 U.S.C. § 5851(e)(2). Although there is no provision for attorney's fees in subsection (c), which provides for review of the Secretary's order in the Court of Appeals, the absence of such a provision does not conclude the matter, as the majority seems to believe. Review in the Court of Appeals is not a new action, as is a District Court action under § 5851(e). Rather it is simply a continuation of the action before the Secretary. The action before us is the appellate or review phase of the original action before the Secretary. The complainant's attorney's fees before us are, in the words of the statute, "incurred . . . in connection with the . . . [same] complaint upon which the [Secretary's] order was issued," and hence the same attorney's fees provi-

sion is applicable before us as in the proceeding which we review.

The purpose of § 5851, as stated in the legislative history, is to "provide protection to employees of Commission licensees, applicants, contractors or subcontractors from discharge or discrimination for taking part or assisting in administrative or legal proceedings of the Commission." 1978 U.S. Code Cong. & Ad.News 7303 at 7309. That is, Congress wished to protect from retaliation by their employers whistle blowers who aid the Nuclear Regulatory Commission. The provisions for attorney's fees in the statute are consistent with this purpose: A complainant on whose behalf an order is issued—the "whistle blower"—can recover attorney's fees from the Secretary or from a district court if he has to sue to obtain compliance, but a "person adversely affected or aggrieved" by the Secretary's order— usually the employer against whom the order was issued—cannot recover costs or attorney's fees.

This case is unusual in that the complainant "on whose behalf the order was issued" is also the person "aggrieved" by the order. DeFord had to seek review in this Court in order to obtain the full protection to which the statute entitles him. It does no violence to the language of the Act, and in fact furthers the Congressional purpose, to interpret DeFord's appeal as pursued "in connection with, the bringing of the complaint upon which the order was issued." The purposes of the Act are not served unless the individuals it was meant to protect can pursue their rights to the fullest extent the law provides.

Accordingly, I would remand this petition to the Secretary for an award of attorney's fees "reasonably incurred" by DeFord for this appeal.