Dennis M. WOLFEL,
Plaintiff-Appellant,

v.

Herbert R. BATES, Gary Brown,
Defendants-Appellees.

No. 83–3751.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 24, 1984.

Decided Nov. 27, 1984.

Michael E. Geltner (argued), Washington, D.C., for plaintiff-appellant.

Nick Betsacon, Raymond J. Studer (argued), Asst. Attys. Gen., Columbus, Ohio, for defendants-appellees.

Before KEITH and MARTIN, Circuit Judges, and POTTER, District Judge.*

* Honorable John W. Potter, United States District    Judge for the Northern District of Ohio, sitting

BOYCE F. MARTIN, Jr., Circuit Judge.

Counsel for appellant Dennis Wolfel appeals the trial court's dismissal of his motion for attorney's fees. This appeal requires us to clarify the procedure by which counsel may seek, and the court may determine, permissible fees for appellate litigation when the motion for attorney's fees raises disputed factual issues.

In the underlying action, Ohio state prison inmate Dennis Wolfel prevailed in a *pro se* action in the district court on a section 1983 claim alleging denial of his first amendment right to petition for redress of grievances. The trial court awarded Wolfel nominal damages but denied punitive damages. The State appealed and Wolfel cross-appealed the denial of punitive damages. Wolfel was represented on that appeal by attorney Michael Geltner. In an opinion filed on June 3, 1983, this Court affirmed both aspects of the trial court's decision. 707 F.2d 932.

On June 9, 1983, Geltner moved this Court for an award of attorney's fees pursuant to 42 U.S.C. § 1988. The Court took that motion under advisement. On June 27, 1983, the clerk of this Court, pursuant to Federal Rule of Appellate Procedure 41(a), issued as mandate this Court's judgment of June 3, 1983. The mandate provided that each party would bear its own costs of the appeal. On July 19, 1983, this Court issued a second order denying attorney Geltner's motion for attorney's fees. The Court's order was without prejudice to Geltner's right to resubmit the motion and supporting documents to the district court.

Geltner renewed his motion in the district court. That court, relying on our decision in *Buian v. Baughard*, 687 F.2d 859 (6th Cir.1982), held that a district court may not award attorney's fees to counsel for appellate work when we have declined to award costs to the party who seeks attorney's fees. It is from this decision of the district court that Wolfel now appeals.

In *Buian* we held that recovery of costs on appeal is "a prerequisite to the award of attorney's fees under 42 U.S.C.A. § 1988." *Id.* at 860. Our holding was based on the literal language of section 1988, which provides that in appropriate cases attorney's fees may be awarded "as part of the costs." *Id.* That literal reading of section 1988 is supported by the policy of allowing the courts at each level of the federal judiciary—the district courts, the courts of appeals, and the Supreme Court—to determine the appropriateness of an award of attorney's fees for the work done in each particular court. *Id.* at 861.

Problems may arise, however, when counsel submits to the appeals court a motion for attorney's fees that, as here, raises disputed issues of fact. Here, appellee Bates questioned the validity of the rate charged and hours expended by counsel for appellant Wolfel. Faced with this factual issue, this Court, in its order dismissing appellant Wolfel's motion for attorney's fees, deferred to the superior factfinding powers of the district court. Unfortunately, by the date of the entry of this Court's order, our Clerk had already issued a mandate denying Wolfel's request for costs. The district court was thus prevented by our decision in *Buian* from considering Wolfel's motion for attorney's fees.

To avoid the double obstacles of inadequate factfinding and a collision with our *Buian* decision, the appeals court may by order pursuant to Federal Rule of Appellate Procedure 41(a) delay the date of the issuance of the mandate until the court determines whether to grant, deny, or remand to the district court the movant's request for attorney's fees. In order that counsel Geltner may receive a fair determination of his motion for attorney's fees, we will recall the mandate in Nos. 82–3059 and 82–3060 and remand the case to the district court for appropriate proceedings to determine the amount of attorney's fees for these proceedings from the original complaint through the proceedings on remand.

To forestall any future delays in bringing this case to a close, we note that we

by designation.

regard as frivolous the State's contentions, made before this Court, that Wolfel did not substantially prevail in this Court. The State is correct in observing that we upheld the district court's judgment on the merits on grounds more narrow than those invoked by the district court. The district court arguably held unconstitutional the State's penal rule Class II, Rule 26. We held unconstitutional the rule only as applied to Wolfel. Under either rationale the result is the same: Wolfel won.

We also note that this is not an appropriate case for application of the "carving out" principles of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Geltner's cross-appeal for punitive damages and his defense of the State's appeal of the award of nominal damages involved a "common core of facts" and was, indeed, a "single claim." *See Hensley v. Eckerhart*, 103 S.Ct. at 1940. Therefore, the *Hensley* Court's direction to separate successful from unsuccessful claims is inapplicable. "Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* We bring these conclusions to the district court's attention only in order to prevent yet another round of "the least socially productive type of litigation imaginable: appeals from awards of attorney's fees ...." *Id.* at 1944 (Brennan, J., with Marshall, Blackmun and Stevens, JJ., concurring in part and dissenting in part).

Accordingly, the district court should determine the appropriate amount of attorney's fees for attorney Geltner's work on the original petition on appeal from the district court's judgment on the merits, the earlier motion for attorney's fees in this court, the motion for attorney's fees in the district court, the appeal of the denial which is now before us, and the proceedings on remand.

The judgment of the district court is vacated. Wolfel's prior motion to recall the mandate in Nos. 82–3059 and 82–3060 was denied before oral argument was heard in this case. We will *sua sponte* recall the mandate in Nos. 82–3059 and 82–3060, direct that costs be entered for Wolfel, and remand that case to the district court for an award of attorney's fees consistent with this opinion. Appropriate orders shall be entered.

Costs of this appeal are awarded to appellant.