786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CAROL CLARKE CAMPBELL (85-5107), Plaintiff-Appellant,
ROSE PALERMO AND GWEN McFARLAND (85-5108), Non-party Appellants,
v.
MARION GOODING, Defendant-Appellee.
 85-5107, 85-5108
 United States Court of Appeals, Sixth Circuit.
 2/28/86
 
 BEFORE: ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this consolidated appeal, plaintiff Carol Clarke Campbell and her trial attorneys, Rose Palermo and Gwen McFarland, challenge the district court's award of attorney fees against plaintiff under 42 U.S.C. Sec. 1988 and her attorneys under 28 U.S.C. Sec. 1927. For the reasons that follow, we affirm in part and reverse and remand in part.
 
 I.
 
 2
 Plaintiff brought this action under 42 U.S.C. Sec. 1983 alleging that Tennessee State University and various University officials including appellee Marion Gooding, Dean of the School of Nursing, failed to renew her faculty contract for the 1983-84 academic year in retaliation for her exercising her First Amendment rights in questioning the advisability of the assignment of her office. At the close of plaintiff's proof, the district court dismissed the action pursuant to Fed. R. Civ. P. 41(b) upon a finding that plaintiff resisted her office assignment because of 'individual and selfish desires' and not 'because of or related to any criticism of the office selection procedure, or criticism based on the expenditure of funds, time or talent.' The court thus determined that this was not an actionable First Amendment case under Connick v. Myers, 461 U.S. 138, 103 S. Ct. 1684 (1983). On December 30, 1983, judgment was entered dismissing the case. However, the court's memorandum opinion was not filed until January 11, 1984.
 
 
 3
 On February 1, 1984, defendants filed their bill of costs. Plaintiff objected that the request was untimely under the local rules which provide that such requests must be filed within thirty days of final judgment. Defendants thereafter filed a response and a motion for enlargement of time within which to file their bill of costs. See Fed. R. Civ. P. 6(b)(2).
 
 
 4
 On February 9, 1984, defendant Gooding filed an application for attorney fees under 42 U.S.C. Sec. 1988, along with a motion for an enlargement of time within which to file the application. On February 13, 1984, the court granted Gooding's motion for enlargement of time. Later that day, the court received plaintiff's objection to Gooding's motion for enlargement of time which it treated as a motion for reconsideration.
 
 
 5
 Thereafter, the district court denied defendants' motion for enlargement of time in which to file the bill of costs upon a finding that there was no excuse for defendants' delay. The court observed that as prevailing parties, defendants were entitled to costs irrespective of the merits of their case and thus rejected the argument that defendants relied on the memorandum opinion filed on January 11, 1984.
 
 
 6
 However, the district court accepted a similar argument advanced by defendant Gooding in support of her request for additional time to file her application for attorney fees. The court reasoned that because an award of attorney fees in favor of a prevailing defendant is dependent on a finding that plaintiff's claim was frivolous, unreasonable, or groundless, see Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978), it would have been 'presumptuous' for defendant to have filed her application for fees without the benefit of the court's January 11, 1984, memorandum opinion.
 
 
 7
 Turning to the merits of defendant Gooding's section 1988 petition, the court held, 'If ever there was a frivolous, unreasonable and groundless case, this was it.' The court went on to observe that to suggest that a 'petty squabble over a room assignment' raised issues of constitutional magnitude 'trivializes the rights that document does protect.'
 
 
 8
 The court's disapproval of this action was further manifested when it sua sponte held plaintiff's attorneys personally liable under 28 U.S.C. Sec. 1927 for one-half the fee award upon a finding that 'the filing of this case as a constitutional one was a vexatious multiplication of the proceedings.'[1]
 
 II.
 
 9
 Plaintiff first argues that the court erred in enlarging the time for Gooding to file her application for fees after having denied the defendants' application for costs as untimely. We disagree. As set forth above, the court articulated a legitimate reason for granting Gooding's motion versus denying the other defendants' motion. Accordingly, the court did not abuse its discretion under Fed. R. Civ. P. 6(b).
 
 
 10
 Plaintiff next argues that the court abused its discretion in holding her liable for Gooding's attorneys' fees under section 1988 because she had a good faith, reasonable belief in the validity of her First Amendment claim.[2] We disagree.
 
 
 11
 '[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' Christiansburg, supra, 434 U.S. at 422, 98 S. Ct. at 701. A finding of subjective bad faith is not necessary. Id. at 421, 98 S. Ct. at 700. In applying these standards, we must avoid engaging in post hoc reasoning by concluding that plaintiff's claim must have been without merit given the ultimate outcome of the action. Id. at 421-22, 98 S. Ct. at 700. AlthoughChristiansburg is a Title VII case, the standards enunciated therein are applicable to civil rights actions brought under 42 U.S.C. Sec. 1983. See Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 178 (1980).
 
 
 12
 As an initial point, plaintiff's subjective good faith belief in the soundness of her claim cannot control the determination of the present issue. Although such self-serving assertions indicate plaintiff indeed felt wronged, they provide the court with little guidance as to whether her claim was legally frivolous. The proper inquiry is whether plaintiff's allegations are groundless under the applicable law. See Christiansburg, supra, 434 U.S. at 420, 98 S. Ct. at 700 (purpose of fee awards in favor of defendants is 'to protect defendants from burdensome litigation having no legal or factual basis').
 
 
 13
 In the instant case, the soundness of plaintiff's claim must be measured against the standards set forth in Connick v. Myers, supra. Although Connick had only recently been decided and filed at the time plaintiff filed the present action, plaintiff and her counsel had sufficient time to consider the effect of that decision on her claim before trial commenced. Although a claim arguably might have merit when filed, a plaintiff nonetheless has an obligation to reconsider the soundness thereof even after the filing of the complaint. See Christiansburg, supra, 434 U.S. at 422, 98 S. Ct. at 701.
 
 In Connick, the Supreme Court wrote:
 
 14
 When employee expression cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment.
 
 
 15
 461 U.S. at 146, 103 S. Ct. at 1689-90.
 
 
 16
 We do not believe the district court abused its discretion in determining that the First Amendment bases of plaintiff's claim, i.e., her complaints to Gooding over her room assignment, are frivolous under the Connick standards. Plaintiff's belated attempt to assert a public concern issue regarding the room assignment dispute only serves to underscore the lack of merit of her claim. First, we cannot say the district court clearly erred in finding incredible plaintiff's affidavit that she challenged her room assignment out of civic concern. Second, plaintiff's affidavit strongly suggests not only that she and her counsel were then aware of the Connick standards, but its eleventh hour timing in connection with its inherent insufficiency under Connick permits an inference of frivolity. We simply do not believe plaintiff had any basis to assert a public concern over the faculty room assignments at Tennessee State University:
 
 
 17
 To presume that all matters which transpire within a government office are of public concern would mean that virtually every remark--and certainly every criticism directed at a public official--would plant the seed of a constitutional case.
 
 
 18
 Connick, supra, 461 U.S. at 149, 103 S. Ct. at 1691. In sum, we view this as precisely the sort of action Congress intended to deter in providing a mechanism for the recovery of attorney fees by successful defendants in actions brought under 42 U.S.C. Sec. 1983.
 
 
 19
 Finally, we agree with plaintiff's attorneys that the district court erred in sua sponte holding them liable for defendant's attorney fees without providing notice and an opportunity to be heard. See Roadway Express v. Piper, 447 U.S. 752, 767, 100 S. Ct. 2455, 2464 (1980) (attorney's fees should not be assessed without fair notice and an opportunity for a hearing on the record).
 
 III.
 
 20
 The decision of the district court assessing attorney fees against plaintiff under 42 U.S.C. Sec. 1988 is AFFIRMED. The decision assessing fees against plaintiff's attorneys under 28 U.S.C. Sec. 1927 is REVERSED, and this action is REMANDED for further proceedings on this limited issue.
 
 
 
 [1]
 There is some dispute as to whether the district court awarded fees against plaintiff's attorneys under 28 U.S.C. Sec. 1927 or Fed. R. Civ. P. 11. Although the court mentioned Rule 11, the critical finding tracked the language of section 1927 and was followed by a cite to that statute
 
 
 [2]
 Plaintiff also argues that the award was improper under Buian v. Baughard, 687 F.2d 859 (6th Cir. 1982). However, Buian has been overruled. Kelly v. Metropolitan County Board of Education, 773 F.2d 677 (6th Cir. 1985) (en banc)