**Timothy Scott McDONALD and Barbara McDonald h/w**

v.

**Albert J. McCARTHY, et al.**

**Civ. A. No. 89–0319.**

United States District Court,
E.D. Pennsylvania.

Sept. 20, 1991.

---

Jeffrey L. Pettit, Phillips and Phelan, Philadelphia, Pa., for plaintiffs.

Daniel J. Sherry, Christine M. Brenner, Philadelphia, Pa., for Albert J. McCarthy.

John S. Halsted, Mark L. Tunnell, Gawthrop, Greenwood & Halsted, West Chester, Pa., for all defendants.

J. Keath Fetter, Malcolm & Riley, P.C., West Chester, Pa., for James McCarthy.

John Churchman Smith, Media, Pa., for Robert F. Goddu.

Clemson N. Page, Jr., Bingman, Hess, Coblentz & Bell, Reading, Pa., for Meridian Bank, Garnishee.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Pending before this court is the motion of plaintiff's attorney for an additional award of attorneys fees and costs against defendants pursuant to 42 U.S.C. § 1988 and 43 Pa.Stat.Ann. § 1425 (Purdon's Supp. 1990). Plaintiff was the prevailing party on claims under 42 U.S.C. § 1983.

In his original motion for award of attorney's fees and costs, plaintiff sought an award for fees incurred through March 1, 1990. On June 27, 1990, plaintiff filed a petition for additional award of attorney's fees and costs through June 26, 1990. On September 12, 1990, the court granted plaintiff's motions and awarded plaintiff $50,213.28 for attorney's fees and $5,753.82 for costs. After reducing the lodestar by fifteen percent (15%) to account for hours spent on issues in which the plaintiff was not the prevailing party, the court increased the lodestar by five percent (5%).

Since June 26, 1990, plaintiff's counsel has attempted to collect on the judgments and award of fees and costs, compelled defendants to post security to stay execution pending appeal, and defended against appellant's contentions in the Court of Appeals. On May 14, 1991, plaintiff's counsel

filed the pending motion for additional counsel fees in the amount of $20,659.80. (The lodestar amount of $19,676.00 represents 132.4 hours of legal services, from June 27, 1990 through May 14, 1991, billed at the firm's regular hourly rates. Consistent with the court's previous Memorandum and Order dated September 12, 1990, plaintiff requests that this lodestar amount be augmented by a multiplier of 5%.)

On April 17, 1991, the Court of Appeals affirmed the district court's order. 932 F.2d 960. A certified judgment in lieu of a mandate was issued on May 9, 1991. The Court of Appeals expressly stated, "the parties shall bear their own costs on this appeal." Based on the Court of Appeals' Order that each party bear its own costs, defendants claim that plaintiff is not entitled to an award of attorney's fees or other costs incurred by reason of the appeal and that plaintiff's request is untimely since it was to be filed no later than May 1, 1991. Fed.R.App.P. 39(d).

■ Plaintiff's motion for additional attorney's fees was not untimely even though Fed.R.App.P. 39(d) requires that an itemized and verified bill of costs be filed with the Clerk within 14 days. Read in context with Rules 39(c) and 39(e), it is clear that the Rule 39(d) time limit applies to costs under Rule 39(c), i.e., briefs, appendices, the costs of which are fixed by the Court of Appeals, and copies of record authorized by Rule 30(f); these costs are taxed by the Clerk for insertion in the mandate. *See* App.Rule 39(c).

However, certain other costs on appeal are taxable in the district court under Rule 39(e):

> Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.

■ No time limit is specified by Rule 39 for filing a bill of costs taxed in the district court as costs of appeal. This application for costs on appeal is timely.

■ However, Rule 39(a) expressly states that if a judgment is affirmed, as is the case here, costs shall be taxed against the appellant *unless otherwise ordered* (emphasis supplied). This rule applies to costs taxable in the district court as costs of the appeal; they are taxable only in favor of a party entitled to costs under Rule 39. Here, the Court of Appeals *otherwise ordered;* it expressly stated each party was to bear its own costs, so plaintiff's counsel may not recover any costs under Rule 39, whether covered by Rule 39(c) or (e).

■ Plaintiff's request for attorney's fees for attempting to execute on the judgment, obtaining security to obtain plaintiff's pending appeal, and briefing opposition to defendant's appeal presents a different problem. It is clear under the Rules of Appellate Procedure and Rules of the United States Court of Appeals for the Third Circuit, that the reference to "costs" does not ordinarily include attorney's fees. The Notes of the Advisory Committee on Appellate Rules state with regard to Rule 39(a) that statutory authorization for taxation of costs is found in 28 U.S.C. § 1920. Attorney's fees are not included in § 1920.[1]

This suggests that attorney's fees for services on appeal are not barred by an appellate court mandate that each party pay its own costs. *See Littlefield v. Mack*, 134 F.R.D. 234 (N.D.Ill., E.D.1991) (Request that appellant post security for costs, including attorney's fees, in civil rights action denied, because security required for

---

1. 28 U.S.C. § 1920 provides that the following may be taxed as costs: fees of the Clerk and Marshal; fees of the court reporter for any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees under § 1923; compensation of court appointed experts; compensation of interpreters; and interpretation services under § 1828.

costs only as defined in Rule 39; Rule 39(e) clearly does not include attorney's fees as a cost of appeal, even if 42 U.S.C. § 1988 states that a civil rights litigant may be awarded attorney's fees "as part of the costs.") But the Notes state further that "where statutes contain specific provisions in derogation of these general provisions ... these statutes are controlling in cases to which they apply."

Plaintiff's counsel claims fees under 42 U.S.C. § 1988; this section states that a prevailing party in a § 1983 action may be awarded attorney's fees "as part of the costs." *Buian v. Baughard,* 687 F.2d 859 (6th Cir.1982), held that an appellate court award of costs to a litigant was an absolute prerequisite to the award of attorney's fees under § 1988 for services resulting from the pursuit of appellate review. The rule in *Buian* was supported by *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (attorney's fees are classified as "costs" recoverable from state notwithstanding 11th Amendment) and *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (on review of legislative history and express language of § 1988 and Rule 68, denial of costs would include attorney's fees otherwise awarded under § 1988).

However, *Buian* was expressly overruled in *Kelley v. Metropolitan County Board of Education,* 773 F.2d 677 (6th Cir.1985), *cert. denied,* 474 U.S. 1083, 106 S.Ct. 853, 88 L.Ed.2d 893 (1986); *Kelley* affirmed an award of counsel fees for appellate services on the ground that an award of costs pursuant to Fed.R.App.P. 39(a) is separate and distinct from and totally unrelated to an award of attorney's fees pursuant to § 1988, even if § 1988 expressly states that attorney's fees may be awarded as part of costs. In dissent, Judge Cornelia Kennedy remained convinced that an award of costs on appeal is a prerequisite to an award of appellate attorney fees under 42 U.S.C. § 1988. She relied in part on the fact that § 1988 does not expressly abrogate Eleventh Amendment immunity, *cf. Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985), so that attorney's fees

cannot be awarded against a state other than as a part of costs. However, there is no Eleventh Amendment problem in the instant case because the governmental defendant is a local municipality. *See Lester H. v. Gilhool,* 916 F.2d 865, 870–871 (3d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1317, 113 L.Ed.2d 250 (1991).

Judge Kennedy also relied heavily on *Marek v. Chesny:*

> the court held that the 'costs' contemplated by Federal Rule of Civil Procedure 68—which shifts to the plaintiff all costs incurred subsequent to a rejected settlement offer which is not exceeded by the eventual recovery—include attorney's fees awardable under § 1988. Plaintiffs in *Marek* had rejected a $100,000 settlement offer in their § 1983 suit, and subsequently won only a $60,000 judgment. Thus, under Rule 68, plaintiffs could not recover 'costs' incurred during the period after the settlement offer. Plaintiffs nonetheless sought attorney's fees for that period. The Court ruled that since § 1988 defined attorney's fees as costs, fees could not be awarded for any period for which costs were not awarded:

>> Pursuant to ... § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees 'as part of the costs.' Since Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68.

105 S.Ct. at 3017.

According to Judge Kennedy, the Supreme Court rejected Justice Brennan's dissenting argument that attorney's fees should not be subordinated to and subsumed by a rule on costs and held that since attorney's fees are defined as part of costs, they cannot be separately awarded where costs are not awarded. Judge Kennedy's dissent in *Kelley* appears better reasoned than the majority opinion to this trial judge. It leads to a result more consistent with the proper role of a trial court.

"In the rare situation where the appellate court disallows costs entirely, the court

very likely has a good reason for doing so, a reason which may or may not be apparent to the district court when it decides the subsequent motion for attorney's fees. *Kelley*, 773 F.2d at 687 (J. Kennedy dissent). The Court of Appeals for the Third Circuit has observed that:

> Ordinarily costs on appeal would be assessed against the losing party ... *See* Fed.R.App.P. 39(a). This court, however, retains discretion to alter the usual rule in an appropriate case. See, e.g., ... 16 C. Wright & A. Miller, Federal Practice and Procedure at 3985 (1977) (equitable considerations may influence court to deny costs) ...

*Clark v. Township of Falls*, 890 F.2d 611, 625 (3d Cir.1989) (court directed each party to bear its or his costs).

In this case, the appellate court has directed that each party shall bear its or his own costs, but the equitable considerations influencing the appellate court can only be surmised and are not known to the trial court. There is no basis for the trial court to second-guess the Court of Appeals and award attorney's fees for the conduct of counsel on appeal rather than at trial. This is especially true where plaintiff's counsel requests a lodestar enhancement appropriate for his efforts in obtaining a verdict but not necessarily appropriate for defending that same verdict on appeal.

This court has substantial doubt about its authority to award attorney's fees to the prevailing appellee for appellate services ordinarily covered by a fee-shifting statute (42 U.S.C. § 1988) directing that attorney's fees be allowed as costs, when the Court of Appeals has decided the prevailing party should bear its own costs on appeal. It would be an anomaly for appellant to be deprived costs on appeal by the Court of Appeals but awarded attorney's fees on that same appeal by the trial court. If this result was not considered or intended by the appellate court, appellant must seek relief from the Court of Appeals.

To the extent the Civil Rights Attorneys' Fees Act of 1976, 42 U.S.C. § 1988, commits an award of attorney's fees to the discretion of the trial court, this court declines to order appellant to pay appellee's post-judgment attorney's fees in these circumstances. Therefore, it is unnecessary to allocate such fees as to individual defendants not similarly situated.