UNIVERSAL AMUSEMENT CO., INC. et al., Plaintiffs-Appellants,

v.

Fred HOFHEINZ et al., Defendants-Appellees.

No. 78-3755
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 1, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Marian S. Rosen, Clyde W. Woody, Houston, Tex., for plaintiffs-appellants.

Charles M. Williams, John G. Lione, Jr., Asst. City Attys., Houston, Tex., for defendants-appellees.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This case began as an action under 42 U.S.C. §§ 1983 and 1985 for injunctive and declaratory relief. The Plaintiff-Appellants were Universal Amusement Co., Inc. and eighteen other companies (hereinafter collectively referred to as Universal) engaged in the business of either exhibiting, selling, distributing or leasing adult commercial films, books, magazines, newspapers or nov-

elty items. They attacked the constitutionality of City of Houston Ordinances Nos. 77–1259 and 77–1260 which prohibited the operation of adult commercial establishments within two thousand feet of any Church, school or other educational or charitable institution. Named defendants were the Mayor, Councilmembers, City Attorney and Chief of Police of Houston (collectively referred to as the City).

After a hearing, a Temporary Restraining Order was entered by the District Court. A trial on the merits was then held, at the end of which the District Court orally declared the ordinances unconstitutional. In a detailed written opinion the Court set forth its reasons for this conclusion—the ordinances were vague and overbroad, violated the First and Fourteenth Amendments, and denied Universal due process and equal protection. A permanent injunction was ordered and the costs of the litigation were assessed against the City.

Subsequently, in a Supplemental Complaint, Universal requested an award of attorney's fees and damages. The City filed a Motion to Dismiss this claim. It was granted without a hearing, and it is this ruling of the District Court that Universal now appeals. We affirm the ruling as to the claim for damages and reverse and remand with respect to the claim for attorney's fees.

### I. Attorney's Fees

Universal claims attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 which states in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or

title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The District Court, in denying the request for attorney's fees, relied solely on the language of this statute allowing the Court to use its discretion in making such an award.

■■■ Shortly before this District Court ruling was made, the Supreme Court established that attorney's fees are awardable against a state under § 1988 in suits brought for injunctive relief. *Hutto v. Finney*, 437 U.S. 678, 700, 98 S.Ct. 2565, 2579, 57 L.Ed.2d 522, 540 (1978). Attorney's fees are recoverable " 'either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local Government (whether or not the agency or government is a named party).' " *Hutto v. Finney, supra*, 437 U.S. at 694, 98 S.Ct. at 2575, 57 L.Ed.2d at 536 (quoting S.Rep.No.94–1011, 94th Cong., 2d Sess. 5 (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News pp. 5908, 5913). *Hutto* also held that attorney's fees suits against a State are not barred by the Eleventh Amendment, at least when officials are sued in their official capacities.[1] 437 U.S. at 693–99, 98 S.Ct. at 2575–78, 57 L.Ed.2d at 536–38. And it would follow from the legislative history quoted above and the implications of *Hutto* that local Governments would not be immune either. *Miller v. Carson*, 563 F.2d 741, 755–56 (5th Cir. 1977).

■■■ Although an award of attorney's fees pursuant to § 1988 is within the discretion of the District Court, this award should ordinarily be made in the absence of special circumstances which would render such an award unjust. This rule was announced in *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) with respect to awards of attorney's fees, in accordance with 42 U.S.C. § 2000a–

---

1. Although the good faith of an official is irrelevant to an award of attorney's fees against him in his official capacity, *Morrow v. Dillard*, 580 F.2d 1284, 1300 (5th Cir. 1978), bad faith must be shown in order to hold an official personally liable for attorney's fees. *McNamara v. Moody*, 606 F.2d 621, 626–27 (5th Cir. 1979).

3(b), to prevailing parties in actions brought under Title II of the Civil Rights Act. The legislative history of § 1988 reveals that awards of attorney's fees under this provision should be made just as readily as awards under § 2000a–3(b). S.Rep.No.94–1011, 94th Cong., 2d Sess. 4 (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News pp. 5908, 5912. And on numerous occasions this Circuit has held that the *Newman* standard applies to § 1988 awards of attorney's fees. *E. g., Criterion Club of Albany v. Board of Commissioners of Dougherty County, Georgia*, 594 F.2d 118, 120 (5th Cir. 1979); *Morrow v. Dillard, supra*, 580 F.2d at 1300; *Henderson v. Ft. Worth Independent School District*, 574 F.2d 1210, 1212 (5th Cir. 1978). Thus, there being a complete absence of any showing of special circumstances to render it unjust, we determine an award of attorney's fees should have been made in this case.

## II. Damages

■■■ The District Court correctly stated the law concerning immunity of Government officials from liability for damages in actions brought under the Civil Rights Act. There is absolute immunity for legislators and prosecutors in the furtherance of their duties. *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1002 (1951); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Thus, the City Councilmembers and the City Attorney cannot be held liable for damages in this case. Qualified immunity, based upon the good faith of their conduct, is granted to executive officials. *Scheuer v. Rhodes*, 416 U.S. 232, 247–48, 94 S.Ct. 1683, 1691, 40 L.Ed.2d 90, 103 (1974). Conceivably the Mayor and the Chief of Police could be liable if lack of good faith on their part were shown. The only bad faith that the record even hints at, however, was allegedly that of the Councilmembers who are absolutely immune from damages. Testimony concerning bad faith was taken at the hearing on the merits of the case with respect to the issue of attorney's fees. Therefore, a further hearing on the later

Motion to Dismiss the claim for damages was unnecessary. The ruling with respect to damages is affirmed, and the ruling with respect to attorney's fees is reversed and remanded with instructions for the District Court to determine the proper amount for such fees.

AFFIRMED IN PART; REVERSED IN PART.