**Edwards H. METCALF,**
**Plaintiff-Appellee,**

v.

**Richard BORBA, Darry Clanton, Charles Monroe, Elden Vestal, and Phil Baker,**
**Defendants-Appellants.**

No. 81–4320.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 1982.

Decided July 22, 1982.

Daniel J. Taaffe, San Francisco, Cal., for defendants-appellants.

Mary C. Dunlap, San Francisco, Cal., for plaintiff-appellee.

Before BROWNING, WRIGHT and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal from a judgment of the district court awarding attorney's fees, pursuant to 42 U.S.C. § 1988, to Metcalf as the prevailing party in an action brought under 42 U.S.C. § 1983 against employees of the California Department of Fish and Game to recover damages to Metcalf's property. Appellee filed a motion for attorney's fees twenty-five days after entry of judgment. Appellants assert that this request was untimely under Rule 59(e) of the Federal Rules of Civil Procedure and local practice rule 265–2 of the United States District Court for the Northern District of California (hereinafter L.R. 265–2). Both Rule 59(e) and L.R. 265–2 contain a ten-day time limit following the entry of judgment in which petitions must be filed. Appellants further contend that the fee request failed to comply with the local rules since a "cost bill" was never filed. Finally, appellants allege several grounds in support of their argument that the district court abused its discretion by awarding attorney's fees. Appellants contend that fees should not have been awarded in this case because plaintiff possessed the financial resources to pay counsel and because plaintiff's suit for damages involved only a single violation of private rights rather than any deliberate pattern of official misconduct affecting broad public interests. Appellants also challenge the award as excessive.

The Supreme Court's decision in *White v. New Hampshire Department of Employment Security*, —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) forecloses any argument that appellee's motion was subject to the ten-day limit in Rule 59(e). In addition, we find that fee requests are distinguishable in several respects from "costs" assessed after litigation under L.R. 265–2. Because the local rule does not expressly govern attorney's fees and generally addresses routine court costs which do not require any determination by a district court, we conclude that requests for attorney's fees are not governed by the time limitation set forth in L.R. 265–2. The local rules in this case do not indicate a departure from the general rule that fee awards under § 1988 are within the court's sound discretion. We also find appellants' argument that the district court abused its discretion in awarding attorney's fees to Metcalf to be without merit. We therefore affirm the district court's determinations.

I. Rule 59(e) Does Not Govern Postjudgment Requests for Attorney's Fees.

■ After the briefs were submitted in this appeal, the Supreme Court held that a postjudgment request for attorney's fees is not a "motion to alter or amend the judgment" subject to the time limitation of Rule 59(e) of the Federal Rules of Civil Procedure. *White v. New Hampshire Department of Employment Security*, —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). This ruling obviously defeats appellants' argument that fee requests must be filed

pursuant to Rule 59(e) within ten days after entry of judgment. The Supreme Court found that Rule 59(e) serves a narrow purpose: to permit the district courts to correct their own mistakes in the period immediately following the entry of judgment. *Id.* at 1166. Thus, Rule 59(e) generally has been invoked "only to support reconsideration of matters properly encompassed in a decision on the merits." *Id.* A request for attorney's fees raises issues collateral to the main cause of action and the courts in determining whether to award attorney's fees must conduct a separate inquiry from the decision on the merits. *Id.* The Court also held that attorney's fees cannot simply be characterized as an element of "relief" because the fees do not compensate the injury giving rise to the action.[1]

## II. Rules Governing Routine Court Costs Are Inapplicable to Requests for Attorney's Fees.

█ Appellee argues in this case, as did the petitioner in *White*, that a request for attorney's fees pursuant to 42 U.S.C. § 1988 should be treated as a motion for "costs" under Rules 54(d) and 58 of the Federal Rules of Civil Procedure. Unlike Rule 59(e), Rules 54(d) and 58 do not contain express time limits for filing petitions.[2] Although a conflict exists among the courts of appeals concerning the applicability of Rules 54(d) and 58 to postjudgment fee requests, the Court in *White* decided the case on other grounds and declined the opportunity to resolve the conflict. 102 S.Ct. at 1168 n.17.[3]

Appellee's argument that attorney's fees are "costs" for purposes of Rule 54(d) is supported by the language of section 1988 which "allow[s] the prevailing party, other than the United States, a reasonable attorney's fees *as part of the costs*" (emphasis added). *See Knighton v. Watkins*, 616 F.2d 795 (5th Cir. 1980). Appellants argue, however, that even if we determine that attorney's fees should be treated as "costs" un-

---

**1.** The Supreme Court stated:

Section 1988 provides for awards of attorney's fees only to a 'prevailing party.' Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.' Nor can attorney's fees fairly be characterized as an element of 'relief' indistinguishable from other elements. Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial.

*White v. New Hampshire Department of Employment Security*, 102 S.Ct. at 1166.

**2.** Rule 58 states in pertinent part:

Entry of the judgment shall not be delayed for the taxing of costs.

Rule 54(d) provides:

(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

**3.** Prior to the Court's decision in *White*, the Fifth, Sixth and Seventh Circuits had determined that postjudgment motions for attorney's fees were not subject to Rule 59(e), but were motions for "costs" under Rules 54(d) and 58. *Johnson v. Snyder*, 639 F.2d 316, 317 (6th Cir. 1981); *Bond v. Stanton*, 630 F.2d 1231, 1234 (7th Cir. 1980); *Knighton v. Watkins*, 616 F.2d 795, 797–98 (5th Cir. 1980). On the other hand, two circuits had held that fee requests were subject to Rule 59(e). *Glass v. Pfeffer*, 657 F.2d 252, 255 (10th Cir. 1981); *White v. New Hampshire Department of Employment Security*, 629 F.2d 697 (1st Cir. 1980), *rev'd*, —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Meanwhile, the Eighth Circuit had determined that motions for attorney's fees were not governed by any of the three rules. *Obin v. District No. 9, Int'l Ass'n of Machinists and Aerospace Workers*, 651 F.2d 574, 582 (8th Cir. 1981).

In his concurring opinion, Justice Blackmun criticized the majority in *White* for not resolving the conflict among the circuits concerning the applicability of Rules 54(d) and 58. 102 S.Ct. at 1168. He preferred the Eighth Circuit's approach in *Obin* which rejected Rule 59(e), as well as Rules 54(d) and 58, in favor of leaving the district courts free to adopt their own rules. *Id.*

der Rules 54(d) and 58, appellee's motion for attorney's fees must be denied for untimeliness in this case. Despite the lack of time limitation governing motions for "costs" under the Federal Rules, appellants insist that L.R. 265–2 requires the appropriate petition to be filed within ten days of entry of judgment. In *White v. New Hampshire Department of Employment Security*, the Supreme Court indicated that the lack of time limitation in Rules 54(d) and 58 does not prohibit the district courts from adopting local rules establishing time limits for fee requests. 102 S.Ct. at 1168 n.17; *see Knighton v. Watkins*, 616 F.2d 795, 798 n.2 (5th Cir. 1980). Thus, if we were to hold that L.R. 265–2 governs requests for attorney's fees, Rules 54(d) and 58 would not protect appellee's motion from untimeliness. We find, however, that local rules such as L.R. 265–2 which establish procedures for taxing routine court costs are inapplicable to requests for attorney's fees. Because of the inherent distinctions in the procedures for taxing "costs" and those governing the award of attorney's fees, we also hold that "fees" are not "costs" for purposes of Rules 54(d) and 58 of the Federal Rules of Civil Procedure.

The costs routinely granted under Rule 54(d) and L.R. 265 and the procedures by which they are assessed are very different in nature from the discretionary award of attorney's fees allowed under section 1988. The local practice rules require a party entitled to claim costs to file a "cost bill" within ten days of entry of judgment. Opposing counsel then has ten days in which to file "specific objections to any item" of the cost bill.[4] The costs are taxed by the clerk of the court who notifies the parties. L.R. 265–4. The costs which are taxable under L.R. 265 are set forth in Appendix A of the local rules. Among the items included are the clerk's filing fee, fees of the marshal, the cost of reporter's transcripts, the costs of an original and one copy of any deposition (but *not* including the expenses of counsel in attending depositions), various costs related to reproducing documents, records, and trial exhibits, and costs for preparation of exhibits and charts.

Neither L.R. 265 nor Appendix A indicate that attorney's fees are cognizable as "costs," nor does the rule state that fee requests are subject to its procedures. Similarly, the costs allowed under Rule 54(d) and detailed in 28 U.S.C. § 1920 do not include attorney's fees. A comparison of Appendix A of the local rules and section 1920 reveals the costs listed in the two provisions are very similar.[5] Under Rule

---

4. Rule 265 of the Local Rules of Practice for the United States District Court for the Northern District of California provides the following procedure for taxing costs:

2. Filing of Cost Bill.
Within ten days after mailing by the clerk of notice of filing or entry of a judgment under which costs may be claimed, whichever period expires first, a party entitled to claim costs may serve and file a cost bill requesting taxation of the costs itemized thereon, together with extra copies on which the clerk shall endorse his action and which he shall mail to all parties when costs have been taxed. The cost bill shall itemize the costs claimed and be supported by a certificate of counsel that the costs are correctly stated, were necessarily incurred, and are allowable by law.
Service of a cost bill shall constitute notice pursuant to Rule 54(d), Federal Rules of Civil Procedure, of the taxation of costs by the clerk.
3. Objections to Cost Bill.

Within ten days after service by any party of its cost bill, and other party may serve and file specific objections to any item, setting forth the grounds therefor.
4. Taxing of Costs.
Not less than ten days after receipt of a party's cost bill, the clerk, after consideration of any objections thereto, shall tax costs and serve copies of the cost bill, reflecting his action as to each item thereon, on all parties. The clerk's action shall be final and binding on the parties unless a motion for review is filed with the assigned judge within five days of service of the cost bill as allowed by the clerk.

5. Section 1920 provides:
Taxation of Costs.
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

54(d), costs are capable of being taxed by the clerk. *See* n.2, *supra.*

Whereas "costs" under L.R. 265 and Rule 54(d) are routinely assessed by the clerk, an award of attorney's fees under section 1988 requires action by the district court. In the Ninth Circuit, the district courts must consider the criteria set forth in *Kerr v. Screen Extras Guild,* 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied sub nom. Perkins v. Screen Extras Guild, Inc.,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), in determining whether to award attorney's fees and in setting the amount of the award. As in the present case, the district courts usually are assisted in their determinations by submissions from the attorneys; hearings frequently are held on the matter. Appeals often ensue. By contrast, routine costs under L.R. 265 and Rule 54(d) are easily computed and assessed by the clerk and rarely give rise to any dispute or appeal. The First Circuit weighed the differences between "costs" and "fees" and concluded:

> The potential amount of the [attorney's] fees award, the varied factors which must be considered by the court in reaching the fees decision, and the crucial role of the judge and parties in reaching that final determination render the fees/costs comparison strained at best.

*White v. New Hampshire Department of Employment Security,* 629 F.2d 697, 703 (1st Cir. 1980), *rev'd on other grounds,* —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *see Obin v. District No. 9, International Association of Machinists and Aerospace Workers,* 651 F.2d 574, 580 (8th Cir. 1981).

Even the Fifth Circuit which held that section 1988 fee requests were part of costs cognizable under Rule 54(d) acknowledged that the procedures for taxing costs would differ from those involving requests for attorney's fees. *Knighton v. Watkins,* 616 F.2d 795, 798 n.2 (5th Cir. 1980). The Court

suggested that "the problem can be best handled by local rule." *Id.; accord, Obin,* 651 F.2d at 583 (recommendation that a rule be adopted requiring the filing of fee requests within twenty-one days after judgment); *see White,* 102 S.Ct. at 1168 n.17 (district courts free to adopt local rules for the timeliness of fee requests). Because L.R. 265–2 does not address the differences between court costs and attorney's fees, we find appellants' assumption that fee requests must comply with the procedures for taxing costs under the local rule is simply inappropriate. In rejecting the applicability of Rules 54(d) and 58 of the Federal Rules of Civil Procedure to postjudgment motions for attorney's fees, the Eighth Circuit held that although section 1988 describes attorney's fees as "costs," this label "does not necessarily carry over to other provisions of the United States Code or the Federal Rules . . . ." *Obin,* 651 F.2d at 580. Similarly, section 1988's designation of attorney's fees as "costs" does not require application of L.R. 265–2.

■ In the absence of a controlling local rule, we find appellee's fee request was filed within a reasonable period after entry of judgment and was therefore timely. The request did not "unfairly surprise or prejudice the affected party." *White v. New Hampshire Department of Employment Security,* 102 S.Ct. at 1167.

We agree with the recommendations of the Fifth and Eighth Circuits that the procedure for adjudicating fee requests should be set forth in local practice rules which specifically address postjudgment petitions for attorney's fees. Although we make no specific recommendation as to the length of time following entry of final judgment in which parties should be required to file their request for attorney's fees, we acknowledge the Supreme Court's warning expressed in *White v. New Hampshire De-*

---

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title.

(6) Compensation of court appointed experts, compensation of interpreters, and

salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

*partment of Employment Security,* ——
U.S. ——, 102 S.Ct. 1162, 1167, 71 L.Ed.2d
325 (1982), that application of a time period
as short as the ten-day limit under Rule
59(e) "could yield harsh and unintended
consequences." Rather than promoting fi-
nality, judicial economy, or fairness, the
Court notes that a ten-day limit "could de-
prive counsel of the time necessary to nego-
tiate private settlements of fee questions."
*Id.* The likely result would be to generate
increased litigation concerning fee requests.
*Id.* Additionally, the Court notes that sec-
tion 1988 provides attorney's fees in various
constitutional and civil rights cases often
involving injunctive relief that must be mo-
nitored by the court over a period of time.
*Id.* Many "final orders" may issue in the
course of such litigation leaving counsel un-
certain as to which orders are "final judg-
ments" which would trigger the limitation
period for filing fee requests: "Cautious to
protect their own interests, lawyers predict-
ably would respond by entering fee motions
in conjunction with nearly every interim
ruling. Yet encouragement of this practice
would serve no useful purpose." *Id.*

 Thus, a local rule establishing proce-
dures for filing fee requests must strike a
balance between the "harsh and unintended
results" described by the Supreme Court in
*White* that might result from imposing too
short a time after judgment in which peti-
tions must be filed with the need to avoid
unfair surprise to litigants and piecemeal
appellate review caused by delays in filing
fee requests. The local procedure govern-
ing attorney's fees should be designed to
assure that all issues arising out of a single
lawsuit can be considered in one appellate
proceeding. As the Eighth Circuit states:

> In the interests of orderly and expedi-
> tious consideration of all issues arising
> from a single lawsuit, disputes on appeal
> over the merits, as well as disputes re-
> garding the allowance of attorney's fees
> to a prevailing party, should ordinarily be

considered and decided by this court in
either a single or consolidated appellate
proceeding. This court deems it essential
that all district courts follow a consistent
practice of promptly hearing and deciding
attorney's fees claims in civil rights and
other cases so that any appeal by an
aggrieved party from the allowance or
disallowance of fees can be considered by
this court together with any appeal taken
from a final judgment on the merits.

*Obin v. International Association of Ma-
chinists and Aerospace Workers,* 651 F.2d
574, 583 (8th Cir. 1981). The court indi-
cated that piecemeal consideration of vari-
ous issues arising out of a single legal ac-
tion could be avoided by the trial court
delaying entry of judgment on the merits
until resolution of the fee question thereby
enabling the court to dispose of both the
merits and attorney's fees in a single judg-
ment. *Id.* If, however, the issue of attor-
ney's fees is to be decided after entry of
judgment on the merits, the Eighth Circuit
recommended adoption of a uniform rule
requiring that fee requests be filed no later
than twenty-one days after entry of judg-
ment. *Id.* We similarly urge the district
courts to clarify the procedures governing
postjudgment motions for attorney's fees
by adopting appropriate local rules.

### IV. No Abuse of Discretion.

 The district court's award of at-
torney's fees must stand unless the record
indicates that the court abused its discre-
tion by awarding fees to Metcalf. *E.g.,
Rivera v. City of Riverside,* 679 F.2d 795
(9th Cir. 1982). No abuse is disclosed in the
record and appellants' contentions are sim-
ply without merit.[6]

Appellants assert that this case is not
appropriate for an award of fees under
section 1988 because Metcalf's suit involved
only a single violation of private rights
rather than a broad pattern of misconduct

---

**6.** Appellants' contention that fees could not be
awarded because there was no finding of bad
faith is without merit. Appellants were sued
individually and in their official capacities.
They have not asserted that they are individual-

ly liable and that the state will not pay the
award. Under these circumstances a finding of
bad faith is not necessary. *Williams v. Alioto,*
625 F.2d 845, 848 & n.2 (9th Cir. 1980).

on the part of public officials. *See Buxton v. Patel*, 595 F.2d 1182, 1185 (9th Cir. 1979). The transcript of the hearing on appellee's motion for attorney's fees reveals that the court considered *Buxton* and found the present facts distinguishable. Excerpt of Record 92–93 (hereinafter ER). The court indicated that attorney's fees were not awarded in *Buxton* because of the isolated nature of the civil rights violation which made it unlikely that similar violations would be perpetrated. ER 92. The record in this case confirms that the appellants are officials with the California Department of Fish and Game and are likely to have considerable public contact and authority.

 Appellants also contend that the fees awarded in this case were excessive and should not have been granted to a litigant who could afford to absorb his expenses. The record shows that the court carefully reviewed the attorneys' time sheets and eliminated more than fourteen hours which were found to be duplicative. ER 108–09. The court followed the litany of factors enumerated in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied sub nom. Perkins v. Screen Extras Guild*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), in determining the amount of the award. ER 107. Although the award of fees, a total of $21,541.50, was more than twice the $8,000.00 in compensatory damages Metcalf received from the jury, appellants do not cite any authorities suggesting that this outcome is so disproportionate as to constitute an abuse of discretion by the district court. Significantly, this court recently held that "[t]he extent to which a plaintiff has 'prevailed' is not necessarily reflected in the amount of the jury verdict. Rather, the legislative history behind section 1988 demonstrates Congress' position that courts should award reasonable attorney's fees even if the rights vindicated are 'non-pecuniary in nature.'" *Rivera v. City of Riverside*, 679 F.2d 795, at 798, *citing* S.Rep.No.94–1011, 94th Cong., 2d Sess. 6 (1976), *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5913. Metcalf does not dispute that he could afford to pay his attorneys. But the appellants point to no

case that indicates an award of fees to a party capable of paying his attorneys constitutes an abuse of discretion. Appellants' reliance on *Buxton v. Patel*, 595 F.2d 1182 (9th Cir. 1979), is misplaced. *Buxton* held only that the likely prospect of a sizeable damage award may be considered by the district court in determining an attorney's fee award.

In sum, although section 1988 permits the prevailing party in an action brought under 42 U.S.C. § 1983 to recover attorney's fees as part of the "costs," the statute provides that the award of fees is left to the discretion of the district court. Because the procedures set forth under L.R. 265–2 govern the taxing of routine court costs that do not require action by a district court, we conclude that fee requests need not comply with the ten-day time limitation set forth in L.R. 265–2. Appellants fail to support their claim that the award of fees in this case constitutes an abuse of discretion. The judgment of the district court is affirmed.