752 F.2d 1394
 ACKERLEY COMMUNICATIONS, INC., a Washington corporation,
Plaintiff-Appellant,
v.
The CITY OF SALEM, OREGON, a municipal corporation, Defendant-Appellee,
and
County of Multnomah, a home rule subdivision of the State of
Oregon, Defendant Intervenor-Appellee.
ACKERLEY COMMUNICATIONS, INC., a Washington corporation,
Plaintiff-Appellant,
v.
The CITY OF PORTLAND, a political subdivision of the State
of Oregon, Defendant-Appellee.
 No. 83-3548.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 3, 1984.
Decided Jan. 30, 1985.
 
 Donald Willis, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for plaintiff-appellant.
 Thomas R. Williams, Peter Kasting, Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before SNEED, ALARCON, and NORRIS, Circuit Judges.
 NORRIS, Circuit Judge:
 
 
 1
 The issue presented by this appeal is whether the district court abused its discretion under the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. Sec. 1988, by refusing to award attorney's fees to appellant, Ackerley Communications, Inc. (hereinafter "appellant"). We hold that the district court did abuse its discretion and reverse and remand to fix the amount of fees to be awarded.
 
 
 2
 * Appellant is an outdoor advertising company which owns advertising signs and structures in Oregon. Its billboards are used for both commercial and non-commercial messages.
 
 
 3
 Appellant brought this action to challenge the validity of ordinances of the cities of Salem and Portland and the county of Multnomah, which regulated outdoor advertising signs. Appellant charged that the ordinances violated its rights to freedom of speech, due process, and equal protection and constituted a taking of property without just compensation. The ordinances were also challenged under certain provisions of state law.
 
 
 4
 The district court granted summary judgment to appellant on the ground that the ordinances violated the First Amendment. Appellant then moved for attorney's fees under 42 U.S.C. Sec. 1988. The district court denied the motion finding that "special circumstances exist that render such an award unjust." Ackerley Communications, Inc. v. City of Salem, Oregon, No. 75-733-FR, slip op. at 3 (C.D.Or. Dec. 21, 1982) (hereinafter "Dist.Ct.Op." ).
 
 
 5
 We review the district court's denial of attorney's fees under the abuse of discretion standard. Sethy v. Alameda County Water District, 602 F.2d 894, 897 (9th Cir.1979), cert. denied, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980). A determination by the district court will be reversed "where the district court misperceives the law or does not consider relevant factors and thereby misapplies the law." In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 658 F.2d 1355, 1358 (9th Cir.1981), cert. denied, 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 850 (1982).
 
 II
 
 6
 Section 1988 states, in pertinent part, that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The court's discretion under section 1988 has been interpreted very narrowly. To act as an effective incentive for injured parties to seek judicial relief for civil rights violations, "fee awards should be the rule rather than the exception." Teitelbaum v. Sorenson, 648 F.2d 1248, 1251 (9th Cir.1981). Thus, a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Newman v. Piggie Park Enterprises Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968), cited in S.Rep. No. 94-1011, 94th Cong., 2d Sess at 4, reprinted in 1976 U.S.Code Cong. & Ad.News 5908 at 5910.
 
 
 7
 Here, the district court held that "special circumstances" justifying denial of a fee award did exist, based on four considerations. We will consider each in turn.
 
 A. Motivation
 
 8
 The district court determined that appellant's primary motivation in bringing suit was financial gain, rather than an attempt to vindicate First Amendment rights. "The First Amendment claim was a means for the plaintiff, not an end." Dist.Ct.Op. at 4. The fact that a party has a financial interest in the outcome of litigation, however, is not a valid reason for denying attorney's fees under section 1988. Universal Amusement Co. v. Hofheinz, 616 F.2d 202 (5th Cir.1980) is directly on point. There the plaintiffs were engaged in the business of either exhibiting, selling, distributing or leasing adult commercial films, books, magazines, newspapers or novelty items. Id. at 203-04. They successfully challenged under the First and Fourteenth Amendments the constitutionality of ordinances which prohibited the operation of their businesses within two thousand feet of any church, school or other educational or charitable institution. Id. at 204. Notwithstanding the plaintiffs' obvious financial interest in the result, the Fifth Circuit reversed the district court's denial of a fee award under section 1988. Id. at 205; see also Sethy v. Alameda County Water District, 602 F.2d at 896 (plaintiff who received a personal damage award and reinstatement to employment entitled to fee award under section 1988); Universal Amusement Co., Inc. v. Vance, 587 F.2d 159, 172-73 (5th Cir.1978) (en banc), aff'd 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1981) (adult movie theater owners who successfully challenged constitutionality of Texas nuisance statute as applied to obscenity entitled to attorney's fee under section 1988).
 
 
 9
 The district court attempted to distinguish such cases as Vance on the ground that the constitutional issues in those cases "were central to the case and crucial to the survival of the plaintiffs." Dist.Ct.Op. at 4. This distinction is not valid. As the Supreme Court has said, "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. The result is what matters." Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983).
 
 B. The Purposes of Section 1988
 
 10
 The district court reasoned that because appellant would have retained competent counsel and initiated this action without the prospect of an attorney's fee, a fee award in this case would not further the statutory purpose of section 1988 "to enable private citizens who could otherwise not afford to vindicate their civil rights to do so," Dist.Ct.Op. at 4. Whether or not the action would have been brought in the absence of section 1988 is irrelevant. Thus, in Seattle School District No. 1 v. Washington, 633 F.2d 1338 (9th Cir.1980), a fee was awarded despite the district court's conclusion that an award was "not necessary" because the appellant was publicly funded. Id. at 1348. Moreover, a prevailing party who initiated an action before section 1988 was even enacted is nonetheless entitled to a fee award if the case was pending on the date of enactment. Hutto v. Finney, 437 U.S. 678, 694 n. 23, 98 S.Ct. 2565, 2575 n. 23, 57 L.Ed.2d 522 (1978). See also Sethy, 602 F.2d at 897.
 
 C. Benefits of the Decision
 
 11
 The third factor cited by the district court in denying a fee award is that "the invalidation of the ordinances primarily benefits the plaintiff." Dist.Ct.Op. at 5. The fact that the party who initiated the action is the primary beneficiary of its own success is not, however, a valid reason for denying fees under section 1988. As we stated in Seattle School District, "The congressional purpose in providing attorney's fees in civil rights cases was to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law." 633 F.2d at 1348 (emphasis added); see also American Constitutional Party v. Munro, 650 F.2d 184, 187 (9th Cir.1981). Thus there are public interest considerations that transcend the conferring of a financial benefit on a prevailing party. As the district court itself noted, "The benefit conferred by the decision in this case is not a trivial one, and is theoretically of benefit to all the inhabitants of Multnomah County and the City of Salem." Dist.Ct.Op. at 5. The societal importance of both commercial and non-commercial messages carried on billboards was noted by the Supreme Court in Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981).
 
 
 12
 "The outdoor sign or symbol is a venerable medium for expressing political, social and commercial ideas. From the poster or 'broadside' to the billboard, outdoor signs have played a prominent role throughout American history, rallying support for political and social causes."
 
 
 13
 Id. at 501, 101 S.Ct. at 2889 (quoting Metromedia, Inc. v. City of San Diego, 26 Cal.3d 848, 888, 610 P.2d 407, 430-31, 164 Cal.Rptr. 510, 533-34 (1980)).
 
 D. Equities
 
 14
 Finally, the district court concluded that the balance of equities and the hardship a fee award would impose favored denying appellant's request for attorney's fees. The court determined that "undoubtedly strategies would have changed somewhat had the defendants realistically expected that they might end up paying for the plaintiff's efforts. Governmental entities should not be intimidated in their functionings (sic) by the threat of attorney's fees." Dist.Ct.Op. at 5.
 
 
 15
 Once again, the district court based its decision on an interpretation of the purposes of section 1988 that is too narrow. As we have previously noted, an award of attorney's fees is "essential to effectuate the congressional purpose of encouraging future constitutional litigation in similar circumstances ...." Seattle School District, 633 F.2d at 1350. Attorney's fees under Section 1988 are thus not only an added burden to encourage voluntary compliance, but an entitlement to a prevailing party which encourages and facilitates access to the courts. Section 1988 was enacted for the very purpose of influencing governmental entities to make thoughtful efforts to avoid civil rights violations. See Seattle School District at 1348.
 
 III
 
 16
 In conclusion, we find there is "a complete absence of any showing of special circumstances to render [the award of an attorney's fee] unjust." Universal Amusement Co. v. Hofheinz, 616 F.2d at 205. The district court is directed to grant a reasonable fee based upon the factors enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975) cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).
 
 
 17
 REVERSED and REMANDED.
 
 SNEED, Circuit Judge, specially concurring:
 
 18
 While I concur in the opinion of Judge Norris, I do so only because of the precedents he cites and not because of any lack of sympathy with the viewpoint of the district court. That court, as I see it, attempted to interpret the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. Sec. 1988, so as to focus only on those cases in which the prospect of fee shifting reasonably could be said to have been marginally influential in the decision to litigate. That is, the district court treated section 1988 as if it were intended only to be an inducement to litigate. On the other hand, the opinion of Judge Norris regards it as both an inducement and a reward for success in litigation. Moreover, the opinion can be read as holding that fee shifting is proper to reward success even when the prospect of fee shifting provided little or no inducement to bring the suit.[1]
 
 
 19
 The language of section 1988 would have permitted it to be interpreted as the district court suggests.[2] In my view, it should have been. To have done so would have been in keeping with the admonition to alter the American rule with respect to fees only to the extent required by the intent of Congress.[3] The precedents, however, point as Judge Norris indicates. Only the Supreme Court can alter that course. Therefore, I concur.
 
 
 
 [1]
 See majority opinion, supra 1397
 
 
 [2]
 See, e.g., Aho v. Clark, 608 F.2d 365, 367 (9th Cir.1979) (no abuse of discretion where special circumstances existed and appellants were able to attract competent counsel); Buxton v. Patel, 595 F.2d 1182, 1184-85 & 3 (9th Cir.1979) (no abuse of discretion where, among factors considered, award of attorney's fees was found unnecessary to secure competent counsel and cost of attorney's fees was not a disincentive to the assertion of rights)
 
 
 [3]
 Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 260-62, 95 S.Ct. 1612, 1623-24, 44 L.Ed.2d 141 (1974)