Karyn **RIDGEWAY**, et al., **Plaintiffs**,

v.

**MONTANA HIGH SCHOOL ASSOCIATION**, et al., **Defendants**.

**No. CV 82–59–M–CCL.**

United States District Court, D. Montana, Missoula Division.

July 23, 1986.

Mark S. Connell, Connell & Beers, Missoula, Mont., Stephen L. Pevar, American Civil Liberties Union, Denver, Colo., Susan M. Rogers, Wright, Lindsay & Jennings, Little Rock, Ark., for plaintiffs.

Ronald Waterman, Paul Stahl, Gough, Shanahan, Johnson & Waterman, Helena, Mont., for defendant Montana High School Assn.

John W. Larson, Rick Bartos, Helena, Mont., for defendant Office of Public Instruction.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

This cause is before the Court on plaintiffs' motion for attorneys' fees.

On May 8, 1986, following a five-day hearing, the Court entered an opinion and order finding that Montana's high school girls were not receiving athletic opportunities on an equal basis with Montana's high school boys. The Court further found, however, that a change in seasonal placement of the girls' volleyball and basketball programs was not necessary at this time to further equality in the high school sports programs.[1]

---

1. The Court's opinion, containing a full history of the case, including the Court's complete findings of fact and conclusions of law, is found at 633 F.Supp. 1564 (1986).

Plaintiffs now move for an award of attorney fees pursuant to 42 U.S.C. § 1988, on the ground that plaintiffs are "prevailing parties" and thus entitled to recover a reasonable fee. Because the defendants previously paid attorneys' fees to plaintiffs following execution of the Settlement Agreement, plaintiffs seek fees only from March, 1985, through June, 1986.

Section 1988, Title 42, United States Code, provides in pertinent part:

In any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Plaintiffs claim that they are prevailing parties because the Court ruled that an acceptable measure of equality has not been reached in the Montana high school athletics program. Plaintiffs further point out that they did not seek or initiate the review process by which the fees were generated, and that the Facilitator initially recommended that the High School Association (MHSA) bear all costs and fees incurred in the review procedure. Plaintiffs also express a desire to attempt settlement as to the amount of fees.

Defendant MHSA asserts that plaintiffs are not prevailing parties because the Court ruled that the seasons would not change, and that that issue was the sole remaining issue in the case. Emphasizing that the fees sought now are only for time spent within the last 15 months, MHSA urges the court to deny fees because the single goal of the hearing was to determine the "seasons issue." MHSA's position is that "[a]ny decision short of accomplishing [a change in seasons] was a defeat to Plaintiffs." Brief of MHSA at 8.

The Office of Public Instruction (OPI) claims that plaintiffs' motion is untimely because it was not filed with their motion for costs. OPI asserts that 28 U.S.C. § 1920 requires any request for attorney fees to be included with a bill of costs. OPI further opposes plaintiffs' motions on the same grounds raised by MHSA.

Before reviewing the merits of plaintiffs' motion, the Court must examine two preliminary issues. First, in view of the fact that an appeal has been taken to the Ninth Circuit Court of Appeals, does this Court have jurisdiction to consider a motion for attorney fees? Second, was the motion timely?

■ The Ninth Circuit follows the general rule that "[t]he effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal." *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir.1983). *See, Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). Under this rule, the court has allowed motions for attorney fees to be heard following the filing of a notice of appeal. "Claims for attorneys' fees ancillary to the case survive independently under the court's equitable jurisdiction, and may be heard even though the underlying case has become moot." *Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir.1980). The court held in *Masalosalo, supra.*, that a district court retains the power to award attorneys' fees after the notice of appeal from the decision on the merits has been filed. *Masalosalo*, 718 F.2d at 957. Therefore, the Court has jurisdiction to consider plaintiffs' motion.

The second preliminary consideration is whether plaintiffs' motion for an award of fees was timely filed. OPI asserts that it must have been filed simultaneously with the motion for costs to have been timely. The Ninth Circuit, however, has held that the ten-day filing requirements imposed by Rule 59(e), Fed.R.Civ.P., and by local practice rules, are inapplicable to a motion for attorneys' fees under 42 U.S.C. § 1988. *Metcalf v. Borba*, 681 F.2d 1183 (9th Cir. 1982).

The appellants in *Metcalf* challenged the district court's award of fees where plaintiff did not file his motion until twenty-five days after entry of judgment. Appellant asserted that the motion was untimely un-

der Fed.R.Civ.P. 59(e), which allows a motion to alter or amend the judgment to be filed within ten days following entry of judgment. Appellant further claimed that the motion was untimely under the local rules for the Northern District of California, which contain a ten-day time limit for filing motions for an award of costs. The court held that Rule 59(e) does not govern post judgment requests for attorney's fees because such a motion raises issues collateral to the main cause of action and the court must conduct a separate inquiry from the decision on the merits. *Metcalf, supra.*, 681 F.2d at 1184–85. The court further held that local rules governing routine court costs are inapplicable to requests for attorney's fees. *Id.* The court noted that the costs routinely granted under local rules and the procedures by which they are assessed are very different in nature from the discretionary award of attorney's fees allowed under section 1988. Costs are capable of being taxed by the clerk, and the rules provide specific items that may be included, whereas attorneys' fees are discretionary and require a separate inquiry related to propriety and reasonableness. *Id.*, at 1186–87. The court suggested the adoption of local practice rules by district courts expressly governing post judgment motions for attorneys' fees.

■ Plaintiffs having moved for an award of attorneys' fees less than thirty days after entry of the Court's opinion and order, and the District of Montana having no local rule providing for a time limit on such motions, the Court finds that plaintiffs' motion is timely pursuant to *Metcalf v. Borba, supra.*

Having determined that jurisdiction over plaintiffs' motion is proper and that said motion is timely, the Court now turns to the merits of the request.

Section 1988 has been construed broadly in favor of awarding fees to successful plaintiffs. "To act as an effective incentive for injured parties to seek judicial relief for civil rights violations, 'fee awards should

be the rule rather than the exception.' " *Ackerley Communications v. City of Salem, Or.*, 752 F.2d 1394, 1396 (9th Cir. 1985), *cert. denied, County of Multnomah v. Ackerley Comm.*, —— U.S. ——, 105 S.Ct. 3503, 87 L.Ed.2d 634 (1985) [citations omitted]. Thus, it is widely recognized that prevailing plaintiffs " 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " *Sethy v. Alameda County Water Dist.*, 602 F.2d 894, 897 (9th Cir.1979), *quoting*, S.Rep. No. 94–1011, 94th Cong., 2d Sess. 4. *See also, Jensen v. Stangel*, 790 F.2d 721, 722 (9th Cir.1986).[2] Disputes over attorney fees are common in civil rights cases and, while "looking over the shoulders of attorneys to examine their charges is not a task welcomed by judges[,]" such scrutiny is necessary to afford all parties the full panoply of process intended by the civil rights laws. *Planned Parenthood of Central and Northern Arizona v. State of Arizona*, 789 F.2d 1348, 1352 (9th Cir.1986). On the other hand, "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

■ The district court is given discretion in determining whether or not to award attorneys' fees. *Hamner v. Rios*, 769 F.2d 1404, 1406 (9th Cir.1985). The decision of the district court will stand unless "the district court misperceives the law or does not consider relevant factors and thereby misapplies the law." *Ackerley Communications, supra.*, 752 F.2d at 1396.

■ The first determination required by Section 1988 is whether plaintiffs may be considered "prevailing parties" within the meaning of the statute. It is well established within the Ninth Circuit that

"[a] party is a 'prevailing party' under this section if he or she succeeds 'on any significant issue in litigation which achieves some of the benefit' the party sought in bringing suit."

---

**2.** It is also clear that publicly funded legal service organizations are entitled to attorneys' fees on the same basis as private counsel. *Dennis v. Chang*, 611 F.2d 1302 (9th Cir.1980).

*Jensen v. Stangel, supra.,* 790 F.2d at 722 (citations omitted). *See also, Sethy v. Alameda County Water Dist., supra.,* 602 F.2d at 897–98; *Lummi Indian Tribe v. Oltman,* 720 F.2d 1124, 1125 (9th Cir.1983). A party need not obtain formal relief on the merits to be considered a prevailing party, *Rutherford v. Pitchess,* 713 F.2d 1416, 1419 (9th Cir.1983), nor need plaintiff have obtained a favorable final judgment. *Harris v. McCarthy,* 790 F.2d 753, 757 (9th Cir.1986). Rather, "[a] party can achieve 'prevailing party' status by establishing a 'clear, *causal relationship* between the litigation brought and the practical outcome realized.'" *Ward v. County of San Diego,* 791 F.2d 1329 (9th Cir.1986) [emphasis in original].

■ A party also may be considered to be a "prevailing party" under the "catalyst" theory, which confers prevailing party status upon a litigant, even in the absence of a favorable judgment, if his action was a "catalyst" which motivated the defendant to provide the relief originally sought through litigation. *American Constitutional Party v. Munro,* 650 F.2d 184, 187 (9th Cir.1981).

> To determine whether an action was a catalyst, the court must decide what the litigant sought to accomplish and whether his action accomplished it.... The litigant must show a causal connection between his action and the favorable outcome.... "[A]t a minimum, the lawsuit must have ... prompted the opposing party to take action."

*Beach v. Smith,* 743 F.2d 1303, 1306 (9th Cir.1984) [citations omitted]. In applying the catalyst theory, "chronological events are important, although not a definitive factor, in determining whether or not a defendant can be reasonably inferred to have guided his actions in response to a plaintiff's lawsuit." *Braafladt v. Bd. of Governors of Oregon State Bar Assn.,* 778 F.2d 1442, 1444 (9th Cir.1985).

It is clear that although one important goal of the plaintiffs throughout the litigation was to effectuate a change in the girls' basketball and volleyball seasons, the action was commenced for the purpose of achieving equity in all areas of high school athletics. When the MHSA elected to pursue the review process, the Court directed the parties to emphasize the issue of equality of opportunity in presentation of their respective cases. *See,* Memorandum and Order, March 27, 1986, at 3. In its final opinion, the Court noted that "regrettably," the parties had focused on the seasons issue during the hearing rather than concentrating their efforts on availability of opportunities for both genders. *See, Ridgeway,* 633 F.Supp. at 1568. Although the Court's repeated requests were apparently ignored, the Court's ruling expressly held that opportunities for male and female high school students are not being provided on an equal basis.

■ This resulted in the anomalous situation of plaintiffs not prevailing on the main issue they litigated (and now appeal) yet receiving a favorable ruling on the principal thrust of their suit. In spite of plaintiffs' failure on the claim which they most fervently pursued, they are "prevailing parties" as that term is used in § 1988. In view of the Court's ruling, plaintiffs "succeeded on the most significant issue of the litigation—they proved that their civil rights had been violated...". *Rivera v. City of Riverside,* 763 F.2d 1580, 1582 (9th Cir.1985), *affirmed, City of Riverside v. Rivera,* —— U.S. ——, 106 S.Ct. 2686, 90 L.Ed.2d —— (1986).

Moreover, there can be no question that this action was the catalyst which motivated the defendants to attempt to bring the secondary athletics program into compliance with the law. Defendants do not deny this. Indeed, by the hearing process itself defendants' goal was to prove that they had achieved equality of opportunity in Montana's high schools. Exhibits introduced at the hearing demonstrated that the possibility of a seasons change was used to prompt school districts into effecting the needed changes. For these reasons, the Court concludes that plaintiffs are the "prevailing parties" in this action.

Once the "prevailing party" threshold has been crossed, the Court must determine whether "special circumstances" warrant denial of fees. The Ninth Circuit has been reluctant to find such special circumstances to overcome the general rule. In *Ackerley Communications, supra.*, the court found that several considerations did not warrant a finding of special circumstances. First, the court held that a party's motivation in bringing suit is irrelevant to an award of fees. *Id.*, 752 F.2d at 1396. Second, the court rejected the district court's reasoning that plaintiffs would have retained counsel and initiated the action without the prospect of an attorney's fee. "Whether or not the action would have been brought in the absence of section 1988 is irrelevant." *Id.*, at 1397. Third, the court stated, "The fact that the party who initiated the action is the primary beneficiary of its own success is not, however, a valid reason for denying fees under section 1988." *Id.* Finally, the court found that the hardship of imposing a fee award was not to be considered in determining the request for fees.

As we have previously noted, an award of attorney's fees is "essential to effectuate the congressional purpose of encouraging future constitutional litigation in similar circumstances...." .... Attorney's fees under Section 1988 are thus not only an added burden to encourage voluntary compliance, but an entitlement to a prevailing party which encourages and facilitates access to the courts. Section 1988 was enacted for the very purpose of influencing governmental entities to make thoughtful efforts to avoid civil rights violations.

*Id.*, at 1398. Based upon the Ninth Circuit's reading of Section 1988, the Court finds no special circumstances which would make an award of fees unjust.

Turning to the final consideration required by Section 1988, the Court must examine the reasonableness of the amount of fees requested by plaintiffs. The Ninth Circuit requires consideration of twelve factors in assessing attorneys' fees:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976); *Hamner v. Rios, supra.*, 769 F.2d 1404, 1407 (9th Cir.1985).

The Court has not yet had the benefit of receiving evidence and briefing addressed to these factors and thus will make no express ruling at this time. Some of the factors, however, have been elaborated upon both by the Ninth Circuit and by the United States Supreme Court, and deserve some highlighting here.

Of particular importance to the present circumstances is the Supreme Court's ruling in *Hensley v. Eckerhart, supra.*, followed in *City of Riverside v. Rivera, supra.* In *Hensley*, the Court focused on factor number 8—the amount involved and the results obtained—concluding that the degree of a plaintiff's success is relevant to the amount of fees to be awarded. *Hensley*, 461 U.S. at 430, 103 S.Ct. at 1938. The Court indicated that the "results obtained" are "particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.*, at 434, 103 S.Ct. at 1940. If the claims on which plaintiff failed to prevail are unrelated to or "distinctly different" from the claims on which plaintiff was successful, no fee may be awarded for services on the unsuccessful claim. *Id.*, at 434–35, 103 S.Ct. at 1939–40.

On the other hand, if plaintiff's claims involve a "common core of facts" or are based on related legal theories, making it difficult to divide the hours on a claim-by-claim basis, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*, at 435, 103 S.Ct. at 1940. The Court emphasized that the most critical factor is the degree of success obtained. *Id.*, at 436, 103 S.Ct. at 1941.

*Hensley* was followed in *City of Riverside v. Rivera, supra.*, —— U.S. ——, 106 S.Ct. 2686, 90 L.Ed.2d —— (1986), where the Court upheld the award of $245,456.25 attorneys' fees even though the plaintiffs had only received $33,350.00 in damages. A plurality of the Court relied upon congressional intent and the purposes of Section 1988 in finding the award reasonable.

Congress expressly recognized that a plaintiff who obtains relief in a civil rights lawsuit " 'does so not for himself alone but also as a "private attorney general," vindicating a policy that Congress considered of the highest importance.' " .... "If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers."

*Rivera,* —— U.S. at ——, 106 S.Ct. at —— [citations omitted].

As early as 1979, the Ninth Circuit recognized that the amount of attorney's fees awarded to a prevailing party "should be based on the work performed on the issues in which they were successful." *Sethy v. Alameda County Water Dist., supra.*, 602 F.2d at 898. The court has recently reaffirmed this position in light of *Hensley. Jensen v. Stangel, supra.*, 790 F.2d at 722–23 ("The extent of the plaintiff's success is considered only in determining the amount of the award"). *See also, Planned Parenthood v. State of Arizona, supra.*, 789 F.2d at 1352. The court has cautioned, however, that the "results obtained" still

constitute but one factor to be considered in awarding fees. *Harris v. McCarthy, supra.*, 790 F.2d at 758.

■ Other factors which are germane to this case include the requirement of "billing judgment" set forth in *Hensley.* Hours that are excessive, redundant, or otherwise unnecessary are to be excluded when calculating a reasonable attorneys' fee. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40. However, the Ninth Circuit has held that in class action litigation, "the participation of more than one attorney does not constitute an unnecessary duplication of effort." *Probe v. State Teachers' Retirement System,* 780 F.2d 776, 785 (9th Cir.1986). The court has also made clear that the amount of fees is not to be reduced because "the rights involved may be non-pecuniary in nature," *Rivera v. City of Riverside, supra.*, 763 F.2d at 1583; nor because of the "defendants' good faith efforts undertaken after suit," *Rutherford v. Pitchess, supra.*, 713 F.2d at 1421; nor because a prior award of attorneys' fees had been made in the same case, *Id.* The court has been consistent in its rulings that "plaintiffs 'may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time.' " *Rutherford, supra.*, 713 F.2d at 1422 [citation omitted].

Based upon a preliminary review of the affidavits submitted by plaintiffs' counsel, and applying the pertinent law as set forth above, the Court concludes that the fees sought by plaintiffs—comprising over 1,100 hours of attorney time—are excessive in view of the relief obtained by those efforts. Before proceeding further on their claim for fees, counsel for plaintiffs should attempt to sift through their billing sheets and excise any time devoted exclusively to the "seasons issue." The Court recognizes that distinguishing hours spent on the seasons issue may be difficult; however, plaintiffs should bear in mind that the fees will be reduced accordingly if such a separation cannot be achieved. Also, there was obvious duplication and triplication of effort with three attorneys present representing

plaintiffs throughout the hearing. These excesses should be eliminated.

Using the foregoing discussion as a guideline, the parties should be able to reach agreement as to the amount of fees to be awarded. The fees will be apportioned between MHSA and OPI in the same manner as costs, to be considered at a subsequent hearing.

IT IS ORDERED:

1. Plaintiffs' motion for attorneys' fees is GRANTED.

2. Counsel for plaintiffs shall meet with counsel for MHSA and OPI in an attempt to negotiate a settlement as to the amount of fees to be awarded, keeping in mind that the extent of plaintiffs' success is the most critical factor to be considered. Counsel shall notify the Court if agreement cannot be reached and a hearing is necessary.